## Salem

### LEONIDAS M. SCHWARTZ

v.

### HIGHLAND COUNTY SCHOOL BOARD

No. 1210-85

Decided August 5, 1986

COUNSEL

William A. Beeton, Jr., for appellant.

John M. Lohr, for appellee.

OPINION

**KOONTZ, C.J.**—This case comes before this Court on a notice of appeal filed by Leonidas and Connie Schwartz, appellants, and the motion by the Highland County School Board, appellee, to dismiss the notice of appeal on the ground that this Court lacks jurisdiction pursuant to Code § 17-116.05(1). Specifically, the appellee asserts that it is not an administrative agency within the provisions of that Code section. We agree.

The Circuit Court of Highland County by order dated August 20, 1985, pursuant to a petition for judicial review under Code § 22.1-87, held that the school board had not exceeded its authority, acted arbitrarily or capriciously, or abused its discretion in denying a request by appellant for religious exemption from compulsory public school attendance for their four children. This appeal followed.

The statutory scheme of civil jurisdiction in this Court adopted by the General Assembly of Virginia is one of limited civil jurisdiction. *See* Code § 17-116.05. While a definition of the term "administrative agency" is not found in this section, we are not confined to the language of that section but can look to other sections where the same term is used. In the Administrative Process Act, Code §§ 9-6.14:1 to 9-6.14:25, the term "agency" is defined as "any authority, instrumentality, officer, board or other unit of the state government empowered by the basic laws to

make regulations or decide cases." Code § 9-6.14:4(A). Entities exempted by the General Assembly from the provisions of the Administrative Process Act include municipal corporations and counties. Code § 9-6.14:4.1(A)(6). A local school board is not a board or unit of the state government but rather is an entity of a municipality or a county. As such, the appellee herein is not an administrative agency as contemplated by the Administrative Process Act.

■ Additionally, we note that the reasoning of the Supreme Court in the recent case of *Virginia Beach Beautification Commission* v. *Board of Zoning Appeals*, 231 Va. 415, 344 S.E.2d 899 (1986), decided June 13, 1986, supports our conclusion. The Court pointed out that:

the statute [Code § 17-116.05(1)] focuses on the nature of the entity making the decision rather than the substance of the decision itself. That is, the statute deals with a decision made by an administrative agency and not with an administrative decision made by some entity that is not purely an administrative agency.

*Id.* at 417, 344 S.E.2d at 901.

Here the nature of the entity is not of state government and consequently is not contemplated within the term "administrative agency" as used in our jurisdictional statute.

Accordingly the motion to dismiss this appeal is granted.

*Dismissed.*

Coleman, J., and Keenan, J., concurred.