**Salem**

DARREN SCOTT BEASLEY, et al.

v.

SCHOOL BOARD OF CAMPBELL COUNTY

No. 0824-86-3

Decided May 3, 1988

Counsel

E. Ronald Feinman, Jr. (Bell, Morrison & Spies, on brief), for appellants.

A. David Hawkins (Overby, Overby & Hawkins, on brief), for appellee.

Opinion

**KOONTZ, C.J.**—This case arises under the Virginia special education statutes, Code §§ 22.1-213 to 22.1-221, and the federal Education of the Handicapped Act, 20 U.S.C. §§ 1400-1420 (1982).[1] Darren Scott Beasley, a handicapped youth, acting by and through his parents, Linton C. Beasley and Nancy H. Beasley, appeals from a judgment of the Circuit Court of Campbell County that reversed the decisions of administrative hearing officers. The hearing officers had found that the Campbell County School Board had not provided him a free and appropriate education. For the reasons that follow, we reverse the judgment of the circuit court.

Darren was born on August 14, 1969. Test results establish that he possesses average to above average intelligence. He is described as handicapped because of a reading disability. In May 1977, following his second grade year in the Campbell County schools, he was found eligible for special education services. Darren was seven years old at the time. During the summer of 1977, Darren's parents placed him in a summer reading program at nearby Lynchburg College. Over the next five years Darren participated in various special education programs with the school system that were formulated by the school authorities with the full cooperation and participation of his parents.

During this time period test results indicated educational progress by Darren, except in the area of reading skills where his progress was minimal. A comprehensive reassessment of Darren's educational status conducted by the school authorities in the spring of 1983, during his seventh grade year, identified Darren as a non-reader. He was found to be primarily an auditory learner. The appropriate child study committee recommended that Darren continue in essentially the same special education program for the following school year. Darren's parents, however, elected to place him at Oakland School, a private school described by one of Darren's teachers there as a "highly structured, phonetically based reading program, emphasizing one-on-one instruction." While Darren was considered a non-reader when he arrived, after

---

[1] For an explanation of the federal and state statutory framework and their interrelationship, see this Court's decision in *Martin v. School Board of Prince George County*, 3 Va. App. 197, 348 S.E.2d 857 (1986).

participating in the summer program at Oakland, test results indicated that he had made a year's gain in his reading ability. By the spring of 1984, test results indicated at least two years progress in reading.

Administrative procedural due process issues are not involved in this case. When the school authorities and Darren's parents disagreed on the appropriate education plan for Darren for the 1984-85 school year, that procedural review process began. On June 21, 1984, a hearing to consider the appropriate educational placement for Darren was conducted before Joseph B. Obenchain, a hearing officer trained and appointed pursuant to state law and Virginia Department of Education regulations. The hearing officer concluded that the program proposed for Darren for the 1984-85 school year by the Campbell County School Board did not offer a free and appropriate public education for him. This conclusion was reached primarily on the ground that Darren's past lack of progress in reading indicates that he would not make "meaningful progress in learning to read in the Campbell County programs." The hearing officer further concluded that while he had no authority to direct any particular placement for Darren, only exceptional circumstances would justify a change in placement from Oakland School for Darren.

The Campbell County School Board appealed this decision to a reviewing officer, Harriet D. Dorsey, who reviewed the record and upheld the decision of the hearing officer. The reviewing officer specifically found that Darren required residential placement at Oakland School because the Campbell County public schools have not offered him a free appropriate public education that meets Darren's reasonable educational needs and allows him to benefit from instruction in reading commensurate with his abilities. The reviewing officer further found that the hearing officer erred in not finding that Darren was seriously emotionally disturbed and that such a finding provided another compelling reason for maintaining his current placement at Oakland School.[2]

Pursuant to Code § 22.1-214(D), the school board brought a civil action in the circuit court to challenge the decision of the

---

[2] Because of our view that the issue of Darren's reading disability is controlling without this finding, we will not recite that portion of the record concerning Darren's emotional difficulties.

reviewing officer. The circuit court reversed that decision by final order of June 13, 1986. This appeal followed.

I.

We first address our jurisdiction to hear this appeal. It comes to us pursuant to Code § 17-116.05, which provides in part: "Any aggrieved party may appeal to the Court of Appeals from: 1. Any final decision of a circuit court on appeal from a decision of an administrative agency." We conclude that this appeal involves a decision of an administrative agency as contemplated by this statute. In addition, the provision of Code § 22.1-214(D) permitting the filing of a civil action in the circuit court to challenge the decision of the administrative hearing officer constitutes an "appeal" to the circuit court.

■ We distinguish this appeal from that involved in *Schwartz v. Highland County School Board*, 2 Va. App. 554, 346 S.E.2d 544 (1986). In *Schwartz*, we held that "[a] local school board is not a board or unit of state government but rather is an entity of a municipality or a county" and "[a]s such was not an administrative agency contemplated by Code § 17-116.05." *Id.* at 556, 346 S.E.2d at 545. *Schwartz* involved a petition for judicial review filed in the circuit court under Code § 22.1-87 to determine whether the local school board properly had denied a request for religious exemption from compulsory public school attendance. Code § 22.1-257(A) provides: "A school board: . . . 2. shall excuse from attendance at school any pupil who, together with his parents, by reason of bona fide religious training or belief is conscientiously opposed to attendance at school." Thus in *Schwartz*, the decision involved was that of a local school board and did not involve the State Board of Education.

In *Martin v. School Board of Prince George County*, 3 Va. App. 197, 348 S.E.2d 857 (1986), on an issue similar to that raised in the present appeal, a panel of this court exercised jurisdiction under Code § 17-116.05. While it is not clear that this jurisdictional issue was specifically raised there, we believe the panel decision was correct. Unlike the circumstances in *Schwartz*, while the Campbell County School Board is a party in this case, the State Board of Education is responsible for compliance with the requirements for receipt of federal assistance for special edu-

cation programs, and it has adopted regulations that establish the two-tier administrative review process by the Department of Education to implement Code § 22.1-214 and 20 U.S.C. § 1415.

Code § 9-6.14:4(A) defines the term "agency" as "any authority, instrumentality, officer, board or other unit of the state government empowered by the basic laws to make regulations or decide cases." The administrative hearing officers are appointed by the State Board of Education. Thus, this appeal involves a decision by an administrative arm of the State Board of Education rather than a decision by a local school board.

Accordingly, this appeal is properly within the appellate jurisdiction of this Court pursuant to Code § 17-116.05.

II.

We now turn to the merits of this appeal. The issue is whether the circuit court erred in finding that the proposed placement for Darren in the 1984-85 school year by the Campbell County School Board was appropriate as required by state and federal law and that placement at Oakland School was not required. The parties make no distinction between the substantive requirements of the Virginia statute and the federal law and for the purposes of our decision we assume no distinction.

Code § 22.1-214(D) provides the standard for the circuit court reviewing the decision of the administrative hearing officer: "In any such action the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate." By agreement of the parties no additional evidence was received by the circuit court in this case; the court's decision was based on the records of the administrative proceedings, memoranda of law, and arguments of counsel.

The circuit court in its letter opinion of April 18, 1986, acknowledged that it was required to make an independent decision based on a preponderance of the evidence pursuant to Code § 22.1-214(D). The circuit court then indicated that with regard to the weight to be given to the administrative findings before it, it would apply the standard it found in *State Board of Health v.*

*Godfrey*, 223 Va. 423, 290 S.E.2d 875 (1982) and *Virginia Real Estate Commission v. Bias*, 226 Va. 264, 308 S.E.2d 123 (1983). Thus, if substantial evidence supported the findings of the reviewing officer, the decision would not be disturbed unless it was plainly wrong or after considering the record as a whole, a reasonable mind would necessarily come to a different conclusion. The circuit court correctly noted that it was required to give special or due weight to the findings of the reviewing officer, but its proper scope of review is broader than that applicable to those appeals of agency decisions addressed in *Godfrey* and *Bias*. The standard expressed in these cases is used in applying the Administrative Process Act (Code § 9-6.14:1, *et seq.*); however, review of a decision by a hearing officer concerning a special education program for a handicapped child is not subject to the Administrative Process Act. Rather, it is subject to the provisions of Code § 22.1-214(D). This Code section allows the court to hear additional evidence and requires it to weigh the evidence and base its decision on the preponderance of the evidence, instead of simply finding substantial evidence in the record to support the hearing officer's decision. Thus, the proper standard for the circuit court is to determine, based on a preponderance of the evidence, whether the substance of the proposed individualized educational program is reasonably calculated to enable the child to receive educational benefits. *Board of Education v. Rowley*, 458 U.S. 176, 206-07 (1982).

Nevertheless, our disagreement with the circuit court's decision to reverse the findings of the reviewing officer in this case is not based primarily on its erroneous view of the due weight to be given the findings of the reviewing officer. Rather, our disagreement lies with the conclusion the circuit court reached based on the whole record before it.

■ In *Rowley*, the Supreme Court determined: "Insofar as a State is required to provide a handicapped child with a 'free appropriate public education,' . . . it satisfied this requirement by providing personalized instruction with sufficient support services *to permit the child to benefit educationally from that instruction.*" 458 U.S. at 203 (emphasis added). The Court in *Rowley* did "not attempt . . . to establish any one test for determining the adequacy of educational benefits conferred upon all children covered" by the federal and state law. *Id.* at 202. Accordingly, these cases must be reviewed on a case-by-case basis.

■ In the present case, the hearing officer and the reviewing officer found an abundance of evidence to support the finding that the proposed individual education plan for the school year 1984-85 did not offer Darren a free and appropriate education. The principal basis for that conclusion was that, in spite of the conscientious efforts of the Campbell County school authorities, Darren remained a non-reader after nearly five years in their program. We agree with the circuit court that it is not dispositive in most cases that a child does not benefit from a local program but does benefit from a residential program. In this case, however, the parents did not and could not seek reimbursement under the law for the 1983-84 school year, during which Darren progressed significantly in his ability to read. "An appropriate education is not synonymous with the best possible education. It is also not an education which enables a child to achieve his full potential: 'even the best public schools lack the resources to enable every child to achieve his full potential.'" *Bales v. Clark*, 523 F. Supp. 1366, 1370 (E.D. Va. 1981)(citations omitted).

The evidence of the experience of the 1983-84 school year at Oakland School, however, coupled with the evidence in the whole record, established that Darren in fact could learn to read and, consequently, was not benefiting from the continued program in the Campbell County schools. This fact is crucial when viewed in light of Darren's specific handicap: the inability to read. In our view, the ability to read is the cornerstone of the educational process. The ability to read, long after the formal educational process terminates, provides the basis upon which one must depend to continue the informal educational process necessary to function reasonably in day-to-day life. In this regard, a reading disability, and particularly one that can be overcome, warrants special efforts within the formal educational process. In that context, while he remained a non-reader, the fact that Darren was able to progress in other areas of his education by artificial support, such as oral instructions and examinations is not persuasive. It does not support the circuit court's determination that the administrative hearing officers had erred in finding that Darren was not offered a free and appropriate education plan for the 1984-85 school year. To the contrary, with regard to Darren's specific disability — his inability to read — the evidence supports only the conclusions of the administrative hearing officers. Darren remained a non-reader in the Campbell County school system. The 1984-85 proposed ed-

ucation plan was essentially a continuation of that which had not benefited Darren in the past to overcome his disability. His ability to learn to read in a proper program was demonstrated by his experience at Oakland School, which offered a program not available within the Campbell County school system or some state facility. When viewed in this context and for these reasons, we hold that the circuit court erred and reverse its decision. Code § 8.01-680. We remand this case to the circuit court with instructions to enter an appropriate order granting the relief sought by Darren consistent with this opinion.

*Reversed and remanded.*

Barrow, J., and Cole, J., concurred.