**Norfolk**

SCHOOL BOARD OF THE COUNTY OF YORK

v.

GEORGE DANIEL NICELY, et al.

No. 1612-90-1

Decided July 30, 1991

COUNSEL

Kathleen S. Mehfoud (Hazel & Thomas, P.C., on briefs), for appellant.

Lois V. Ragsdale (Department for Rights of Virginians with Disabilities, on brief), for appellees.

*Amicus Curiae*: The Henrico County Public Schools (J.T. Tokarz, on brief), for appellant.

OPINION

KOONTZ, C.J.—The School Board of York County (School Board), appellant, appeals the September 20, 1990 circuit court decision to grant the appellees, Nicelys', motion for summary judgment on the ground that the School Board failed to appeal the Virginia Board of Education's administrative decision within the Virginia Administrative Process Act's (VAPA) thirty day limitation period. Inherent in the court's decision is the finding that the VAPA's provisions for court review of agency decisions apply to special education appeals brought pursuant to Code § 22.1-214(D). Because our decision that the one year statute of limitations provided in Code § 8.01-248 applies in this case rather than the limitations period under the VAPA is dispositive, we do not reach the other issues raised by the School Board in this appeal.

George Daniel (Danny) Nicely is a twenty-one year old handicapped man who had been receiving educational services from the York County Public Schools for a number of years. He was identified as handicapped pursuant to Virginia Code §§ 22.1-213 *et seq.* and the federal Education of the Handicapped Act, 20 U.S.C. §§ 1400 *et seq.* A dispute arose concerning whether York County's school program could adequately fulfill Danny's educational needs, and, if not, whether the School Board would be responsible for payment of Danny's placement in the Pines, a private treatment facility with a yearly cost of approximately $100,000.

In May 1988, the Nicelys initiated an administrative due process hearing to resolve the dispute. On November 10, 1988, a hearing officer appointed by the Virginia Board of Education issued an opinion ordering the School Board to pay the cost of Danny's placement in the Pines. The School Board timely appealed the hearing officer's opinion and obtained a state level review. The reviewing officer issued his opinion dated March 20, 1989 adopting the hearing officer's order and directing the School Board to comply with the order's requirements within thirty days.

On June 9, 1989, eighty-one days after the state review officer issued his opinion, the School Board filed a motion for judgment in the Circuit Court of York County pursuant to Code § 22.1-214(D). The Nicelys pleaded by affirmative defense that the School Board's motion was barred by the VAPA's thirty day stat-

ute of limitations, and they subsequently moved for summary judgment. After hearing argument, the court granted the Nicelys' motion for summary judgment based on their statute of limitations defense. This appeal followed.

On appeal, the Nicelys argue that actions brought pursuant to Code § 22.1-214(D) are procedurally governed by the VAPA and are, therefore, pursuant to Code § 9-6.14:16, subject to the limitation periods set forth in Rule 2A:2, which requires a party appealing from an agency case decision to file a notice of appeal within thirty days of such a decision, and Rule 2A:4, which requires the appealing party to file a petition for appeal within thirty days of filing a notice of appeal. The School Board contends that actions brought pursuant to Code § 22.1-214(D) are not subject to the VAPA and, therefore, the thirty day statutes of limitations provided in Rules 2A:2 and 2A:4 are inapplicable. The School Board contends that the one year statute of limitations provided in Code § 8.01-248[1] applies in this case since the Virginia special education statutes, Code §§ 22.1-213 *et seq.*, do not specify a statute of limitations.

In reaching our decision, we first look to the federal cases which have addressed this issue since the Virginia special education statutes are identical in pertinent parts to the federal Education of the Handicapped Act (EHA). Code § 22.1-214(D) was derived from 20 U.S.C. § 1415(e)(2). Under § 1415(e)(2), a party may institute a civil action in federal court to challenge a decision made in a state administrative due process hearing conducted to resolve disagreements concerning the appropriate education for a handicapped child. *See Schimmel v. Spillane,* 819 F.2d 477, 480 (4th Cir. 1987). However, the EHA does not provide a statute of limitations applicable to the filing of such actions and, therefore, a statute of limitations must be derived from elsewhere. *See id.* at 480-81. "In the absence of a controlling federal limitations period, the general rule is that a state limitations period for an analogous cause of action is borrowed and applied to the federal claim, provided that the application of the state statute would not be inconsistent with underlying federal policies." *County of Oneida v. Oneida Indian Nation,* 470 U.S. 226, 240 (1985); *ac-*

---

[1] Code § 8.01-248 provides that: "Every personal action, for which no limitation is otherwise prescribed, shall be brought within one year after the right to bring such action has accrued."

*cord Schimmel*, 819 F.2d at 481.

Federal courts repeatedly have been required to decide which state statute of limitations to apply to actions brought pursuant to 20 U.S.C. § 1415(e)(2). As a result of those decisions, a variety of inconsistent limitation periods have been applied, sometimes within the same circuit. *Compare, e.g., Janzen v. Knox County Bd. of Educ.*, 790 F.2d 484 (6th Cir. 1986) (three year statute of limitations applied rather than sixty day statute of limitations for administrative appeals); *and Kirchgessner v. Davis*, 632 F. Supp. 616 (W.D. Va. 1986) (one year limitations period under Code § 8.01-248 applied rather than thirty day period under VAPA) *with, e.g., Spiegler v. District of Columbia*, 866 F.2d 461 (D.C. Cir. 1989) (applied thirty day limitations period of D.C. Court of Appeals Rule 15(a) for petitions of review of agency orders); *and Thomas v. Staats*, 633 F. Supp. 797 (S.D. W. Va. 1985) (applied four month limitations period).

In *Spiegler*, the court had to decide which statute of limitations to apply to an action brought pursuant to § 1415(e)(2). The parties presented the court with two choices: the thirty day limitations period of D.C. Court of Appeals Rule 15(a) for petitions for review of administrative decisions and the three year "catch all" limitations period under D.C. Code § 12-301(8). 866 F.2d at 464. The court found that actions brought pursuant to § 1415(e)(2) were more analogous to appeals from administrative agencies rather than actions "for which a limitation [period] is not otherwise specially prescribed." *Id.* at 465 (quoting D.C. Code § 12-301(8)). The court then adopted the thirty day limitation period after finding that, in addition to being analogous to an appeal from an administrative agency, the thirty day limitation period was consistent with federal policies since it was combined "with a duty by the District to inform hearing participants of the short period" in which to initiate their appeal. *Id.* at 466.

When the Fourth Circuit recently decided *Schimmel*, it provided guidance to its district courts for selecting the appropriate state limitation period to apply to § 1415(e)(2) actions. As in the present case, the court in *Schimmel* had to decide whether to apply the thirty day limitation period under the VAPA or the one year limitation period provided by Code § 8.01-248. Almost eight months after receiving a reviewing officer's adverse decision concerning the educational placement of their handicapped son, the

Schimmels filed suit against the school system pursuant to 20 U.S.C. § 1415(e)(2). The school system moved to dismiss the action on the ground that it was barred by the thirty day statute of limitations. 819 F.2d at 479. The court found that when persons aggrieved by an agency decision bring an action to contest such a decision in a Virginia state court, "the limitations period of the Virginia Administrative Process Act *presumably* applies." *Id.* at 481 (emphasis added). Though the court found an action under Code § 22.1-214(D) was analogous to an action under 20 U.S.C. § 1415(e)(2), it refused to apply the thirty day statute of limitations because it found the thirty day limitation period was inconsistent with federal policies. Based on its concern that "many parents of handicapped children may not be represented by counsel in the administrative due process hearings that precede suit under the EHA," the court opined that "requiring unrepresented parties to act in such haste would be unduly harsh, and would undermine the federal policy of permitting review in the federal courts." *Id.* at 482.

As demonstrated by these federal decisions, uncertainty exists regarding the proper statute of limitations to apply to actions such as the one in this case. While the Nicelys direct us to the federal cases in which a thirty day limitation period was adopted or presumed to be applicable under state law, as in *Schimmel*, we are not compelled to follow those decisions since they were based on a federal cause of action, 20 U.S.C. § 1415(e)(2).

Contrary to federal case law, there are no Virginia cases directly on point, and only a few assist us in our decision. The most significant Virginia cases relating to the issue before us now are *Forbes v. Kenley*, 227 Va. 55, 314 S.E.2d 49 (1984), *Beasley v. School Bd.*, 6 Va. App. 206, 367 S.E.2d 738 (1988), *rev'd*, 238 Va. 44, 380 S.E.2d 884 (1989) (*Beasley I*) and *School Bd. of Campbell County v. Beasley*, 238 Va. 44, 380 S.E.2d 884 (1989) (*Beasley II*). The *Forbes* case provides us with one basis for deciding the one year statute of limitations applies, namely that Code § 22.1-214(D) provides adequate procedure to avoid the preclusive provisions of Code § 9-6.14:16. The *Beasley* cases provide us with a separate basis for reaching the same conclusion, namely that circuit court review pursuant to Code § 22.1-214(D) amounts to the equivalent of a trial de novo for purposes of Code § 9-6.14:15, which excludes such cases from the court review provisions of the VAPA.

The central issue of the *Beasley* cases was whether the circuit court properly found that Campbell County School Board's proposed placement for a handicapped child was appropriate as required by state and federal law. In February 1985, the school board initiated a civil action pursuant to Code § 22.1-214(D) challenging an administrative decision that its proposed placement for the child was inappropriate. In *Beasley I*, we identified the applicable standard of review to be applied by circuit courts in actions brought under Code § 22.1-214(D). We stated that "the proper standard for the circuit court is to determine, based on a preponderance of the evidence, whether the substance of the proposed individualized educational program is reasonably calculated to enable the child to receive educational benefits." 6 Va. App. at 212, 367 S.E.2d at 741 (citing *Board of Educ. v. Rowley*, 458 U.S. 176, 206-07 (1982)); *accord Beasley II*, 238 Va. at 50, 380 S.E.2d at 888. Significantly, we found the "review of a decision by a hearing officer concerning a special education program for a handicapped child is not subject to the Administrative Process Act," but rather to the provisions of Code § 22.1-214(D). *Beasley I*, 6 Va. App. at 212, 367 S.E.2d at 741; *accord Beasley II*, 238 Va. at 50, 380 S.E.2d at 888. In relation to this case, the import of the *Beasley* decisions is that they establish that at least a portion of the VAPA, the review standard of Code § 9-6.14:17, does not apply to Code § 22.1-214(D) actions.

■ While admitting that the review standard of the VAPA is inapplicable here, the Nicelys argue the remaining portion of the VAPA that does not conflict with Code § 22.1-214, including Code § 9-6.14:16 which provides for the thirty day statute of limitations, does apply to Code § 22.1-214(D) actions. We disagree. The stated purpose of the VAPA is "to supplement present and future basic laws conferring authority on agencies either to make regulations or decide cases as well as to standardize court review thereof save as laws hereafter enacted may otherwise expressly provide." Code § 9-6.14:3. The VAPA "does not supersede or repeal additional procedural requirements in such basic laws." *Id.* Also, the VAPA expressly exempts certain agencies and agency actions from its provisions. Code § 9-6.14:4.1. Thus, the VAPA is intended to be a default or catch-all source of administrative due process, applicable whenever the basic law fails to provide process. *See State Bd. of Health v. Virginia Hosp. Ass'n*, 1 Va. App. 5, 332 S.E.2d 793 (1985). In summary, the VAPA governs an

agency's actions except where that agency's basic law provides its own due process or where the VAPA expressly exempts a particular agency or its actions.

Here, neither the Virginia Board of Education nor its implementation of special education programs is expressly exempt from the VAPA. While Virginia special education statutes provide a process for court review, they do not provide their own statute of limitations. Consequently, the VAPA might appear to dictate the applicable statute of limitations in actions brought pursuant to Code § 22.1-214(D). However, *Forbes* instructs that the absence of provisions for time limits for filing pleadings in a basic law does not subject actions brought pursuant to that basic law to the time restraints set forth in Code § 9-6.14:16. *See* 227 Va. at 60, 314 S.E.2d at 52.

In *Forbes*, the appellant filed an appeal in a trial court pursuant to Code § 32.1-164.1, more than thirty days after receiving an adverse decision by the State Health Commissioner denying him a septic tank permit. The commissioner filed a demurrer on the ground that Forbes failed to comply with Code § 9-6.14:16 and Rule 2A:2. The trial court sustained the demurrer, and Forbes appealed to the Supreme Court.

At the time Forbes filed his appeal in the trial court, Code § 32.1-164.1 granted a person subject to an adverse ruling the right to appeal to a circuit court, which was directed to consider all relevant evidence and, if appropriate, reverse the adverse decision upon such terms and conditions as were fair and just under all the circumstances. The statute, however, did not provide a time limit for filing the appeal. Code § 9-6.14:16, in effect at that time, provided:

> Any person affected by and claiming the unlawfulness of any regulation, or party aggrieved by and claiming unlawfulness of a case decision, as the same are defined in § 9-6.14:4 of this chapter . . . shall have a right to the direct review thereof either (i) by proceeding pursuant to express provisions therefore in the basic law under which the agency acted or (ii), in the absence, inapplicability, or inadequacy of such special statutory form of court review proceeding, by an appropriate and timely court action against the agency as such or its officers or agents in the manner provided by the rules

of the Supreme Court of Virginia.

The Court found that despite the failure of Code § 32.1-164.1 to provide time limits for filing pleadings, the statute was not inadequate on its face since it was "limited to a single class of cases" and provided for "jurisdiction, venue, decision by judge, and optional relief at the judge's discretion." *Forbes*, 227 Va. at 60, 314 S.E.2d at 52. Therefore, the thirty day statute of limitations was held inapplicable to actions brought pursuant to Code § 32.1-164.1.

In 1986, after the *Forbes* decision, Code § 9-6.14:16(A) was revised to provide:

> Any person affected by and claiming the unlawfulness of any regulation, or party aggrieved by and claiming unlawfulness of a case decision, as the same are defined in § 9-6.14:4 of this chapter . . . shall have a right to the direct review thereof by an appropriate and timely court action against the agency as such or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia.

We believe the revision merely changed the form of the statute rather than its substance since the revision simply deleted superfluous language whose import is embodied in Code § 9-6.14:3, which states the VAPA's purpose. The substance of the deleted language was that if a basic law does not create process for aggrieved persons to appeal agency decisions, the VAPA process for court review is applicable. In other words, the VAPA supplements a basic law that lacks process for review of agency decisions. *See* Code § 9-6.14:3.

Furthermore, our position is supported by the implications derived from the General Assembly's 1986 amendment to Code § 32.1-164.1, the basic law at issue in *Forbes*. In that amendment, the General Assembly deleted the language providing the basic law's process for judicial review and expressly made the VAPA provisions for judicial review applicable. If the General Assembly intended for the amended Code § 9-6.14:16 to become applicable to Code § 32.1-164.1 due solely to the deletion of the former language in Code § 9-6.14:16, there would have been no reason to amend Code § 32.1-164.1 to expressly provide for process under the VAPA.

■ Having found Code § 9-6.14:16 remains substantively un-changed, we now find the basic law in the present case, like the basic law in the *Forbes* case, is adequate to render the time limi-tations set forth in Code § 9-6.14:16 inapplicable. Code § 22.1-214(D) is limited to a single class of cases, appeals from decisions made pursuant to Code § 22.1-214(B) and (C). It provides for jurisdiction in the circuit court and venue in the jurisdiction in which the school division is located. It also provides for decision by a court based on the preponderance of the evidence, and relief as the court determines appropriate. In summary, Code § 22.1-214(D) provides for as much adequate due process as the basic law at issue in *Forbes*, where the Court held the basic law was adequate to forestall the application of Code § 9-6.14:16. Thus, we hold that Code § 22.1-214(D) provides for sufficient due pro-cess to prevent application of the thirty day statute of limitations provided by Code § 9-6.14:16 and Rule 2A:2.

In addition to the *Forbes* decision, the VAPA provides a basis for our decision. The fourth article of the VAPA addresses court review of agency decisions and provides for the thirty day statute of limitations for filing a notice to challenge an agency decision. In the first section of the article, agency actions which encompass "matters subject by law to a trial de novo in any court" are ex-cluded from the article. Code § 9-6.14:15(v). Hence, we look to determine whether the standard of review under Code § 22.1-214(D) amounts to a trial de novo for the purposes of the VAPA.

■ Both parties direct us to the United States Supreme Court case *Board of Education v. Rowley*, 458 U.S. 176 (1982). However, we will begin our analysis by examining the standard of review provided in Code § 9-6.14:17. Under the VAPA, judicial review of agency decisions is limited to (1) "[w]hether the agency acted in accordance with the law"; (2) "[w]hether the agency made a procedural error which was not harmless"; and (3) "[w]hether the agency had sufficient evidential support for its findings of fact." *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988); *see* Code § 9-6.14:17. "The sole de-termination as to factual issues is whether substantial evidence ex-ists in the agency record to support the agency's decision. The re-viewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would neces-sarily come to a different conclusion." *Johnston-Willis*, 6 Va.

App. at 242, 369 S.E.2d at 7. When reviewing factual issues, the court must take into account "the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted." Code § 9-6.14:17; *accord Johnston-Willis*, 6 Va. App. at 242, 369 S.E.2d at 7. "In this context, Code § 9-6.14:17 clearly mandates that agency findings of fact are to be accorded great deference under the substantial evidence standard of review." *Johnston-Willis*, 6 Va. App. at 243, 369 S.E.2d at 7.

 A case subject to the standard of review outlined in Code § 9-6.14:17 cannot be considered a trial de novo since the factual issues on appeal are controlled solely by the agency record. The reviewing court is not free to take additional evidence, even at the request of one of the parties.[2] Therefore, under the VAPA, the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court. In this sense, the General Assembly has provided that a circuit court acts as an appellate tribunal. Likewise, the legislature has determined when an agency action is not subject to a trial de novo for the purposes of Code § 9-6.14:15. Thus, we believe that when the legislature created the trial de novo exclusion under Code § 9-6.14:15, it contemplated agency actions whose subject matters were not subject to the standard of review set forth in Code § 9-6.14:17. From this basis, we proceed to determine whether the standard of review set forth in Code § 22.1-214(D) results in a trial de novo for the purposes of Code § 9-6.14:15.

 Both the United States Supreme Court and the Virginia Supreme Court have addressed the standard of review to be applied in cases such as this. *See Board of Educ. v. Rowley*, 458 U.S. 176; *Beasley II*, 238 Va. 44, 380 S.E.2d 884. In *Rowley*, the United States Supreme Court interpreted the standard of review set forth in 20 U.S.C. § 1415(e)(2), the federal counterpart to and

---

[2] Code § 9-6.14:17 states, "[w]here there is no such agency record so required and made, any necessary facts in controversy shall be determined by the court upon the basis of the agency file, minutes, and records of its proceedings . . . as augmented, if need be, by the agency pursuant to order of the court or supplemented by any allowable and necessary proofs adduced in court . . . ." However, this language *only* allows circuit courts to assemble a record where no agency record exists, and still the court must accept whatever findings the agency made in its files, minutes, records or elsewhere.

model for Code § 22.1-214(D). Both the federal and Virginia statutes state that "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decisions on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2); *accord* Code § 22.1-214(D). The Court found that the reviewing courts have the power to review the substance of the state program and must make "independent decision[s] based on a preponderance of the evidence." 458 U.S. at 205 (quoting S. Conf. Rep. No. 455, 94th Cong., 1st Sess. 50 (1975)). The Court qualified its finding by explaining that "the provision that a reviewing court base its decision on the 'preponderance of the evidence' is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Id.* at 206. The Court continued, "The fact that § 1415(e) requires that the reviewing court 'receive the records of the [state] administrative proceedings' carries with it the implied requirement that due weight shall be given to these proceedings." *Id.*

"Therefore, a court's inquiry in suits brought under § 1415(e)(2) is twofold. First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?" *Id.* at 206-07. Thus, the court's inquiries are limited to determining whether the requirements of the Act have been met instead of determining what is the best method for satisfying those requirements. *Id.* at 208.

 Consistent with *Rowley*, the Virginia Supreme Court has held that when handling cases brought pursuant to Code § 22.1-214(D), circuit courts are required to weigh the evidence as a whole and make independent decisions based on the preponderance of the evidence, after hearing any evidence presented by the parties in addition to the agency record. *Beasley II*, 238 Va. at 50, 380 S.E.2d at 888. Still, the Court cautioned that "[d]ue weight must be given by the trial court to the administrative proceedings." *Id.* at 51, 380 S.E.2d at 888 (citing *Rowley*, 458 U.S. at 206). The Court then concluded that "review of a circuit court's decision by an appellate court in a case like this should be no different than in any other civil appeal" where the appellate court

is prohibited from reweighing the evidence or substituting its factual judgment for that of the circuit court. *Id.* In other words, an appellate court must review a circuit court's decision in a case like this in the same manner it would any circuit court decision from a trial de novo.

Though an action brought pursuant to Code § 22.1-214(D) is not a trial de novo in the purest sense, such an action amounts to a quasi trial de novo and satisfies the General Assembly's intention for the trial de novo exclusion in Code § 9-6.14:15. The trial court may rule on issues of fact in addition to issues of law. The trial court in a Code § 22.1-214(D) action is free to receive new evidence and is directed to weigh independently the evidence as a whole. While it is required to give due deference to the agencies' findings of fact, the trial court is subject to a preponderance of the evidence standard of review rather than simply looking for substantial evidence to support the agencies' findings. Thus the trial court is capable of making findings of fact that contradict the agencies' findings so long as the evidence as a whole supports the trial court's findings and those findings do not relate only to determining the best method of educating the handicapped child. Furthermore, on appeal to this Court, we are bound by the trial court's findings of fact rather than just the agency's findings, which would be the case if the trial court were acting in an appellate capacity. In consideration of all these factors, we find an action brought pursuant to Code § 22.1-214(D) amounts to a trial de novo for the purposes of Code § 9-6.14:15(v), which excludes matters subject to trial de novo from the VAPA's provisions governing court review of agency decisions.

Finally, an interpretation of the applicable statutes which excludes the application of the thirty day limitation for filing appeals in these cases is consistent with Virginia's public policy concerns for the prompt and fair resolution of disputes concerning the appropriate education of handicapped children. The concern for and desirability of a speedy resolution of these cases is readily apparent. A handicapped child's education should not unnecessarily hang in the balance until our judicial system reaches a conclusion on the matter. By the same token, a speedy resolution should not hinder or unduly burden a party to these disputes to obtain and prepare for a due process judicial review of an adverse administrative decision. In our view, the application of a one year statute of

limitations provides a proper balance between these concerns. While the school boards have ready access to legal counsel, parents and children frequently may lack the benefit of counsel on the administrative level. The one year limitation period would provide ample time in such circumstances to obtain counsel and initiate an appeal to the courts. In contrast, a thirty day limitation period would frequently result in an injustice to unrepresented parties who may not be able to obtain legal counsel and file a notice of appeal within such a relatively short limitation period.

▉ For these reasons, we hold that the one year statute of limitations contained in Code § 8.01-248 applies to actions brought pursuant to Code § 22.1-214(D), rather than the thirty day statute of limitations provided by the VAPA and Rules 2A:2 and 2A:4. Accordingly, we reverse the decision of the circuit court granting the Nicelys' motion for summary judgment and remand this case for a hearing on the merits of the School Board's appeal.

*Reversed and remanded.*

Barrow, J., and Keenan, J.,* concurred.

---

* Justice Keenan participated in the hearing and decision of this case prior to her investiture as a Justice of the Supreme Court of Virginia.