## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Herbert W. Lux

v.

Kotvas, Director, et al.

November 13, 1996

Case No. CL96-233

BY JUDGE WILLIAM H. LEDBETTER, JR.

This is an appeal under the Administrative Process Act from a decision of the State Board for Contractors to pay a claim from the Contractor Transaction Recovery Fund. The contractor whose misconduct gave rise to the claim brings the appeal.

### Background Facts

Lux was convicted of larceny by false pretense and mechanics' lien fraud in this court on January 12, 1994. As part of his sentence, he was ordered to make restitution to the Owenses, victims of the crime, in the sum of $2,500.00. The order recites that the amount of restitution constitutes a civil judgment pursuant to Virginia Code § 19.2-305.2. Because the restitution was not paid and Lux was a licensed contractor, the Owenses filed a claim under the Contractor Transaction Recovery Act (Virginia Code § 54.1-1118 *et seq.*).

The Board's recovery fund committee conducted a hearing and recommended approval of the claim. On April 10, 1996, the Board authorized payment of the claim.

Lux appealed the Board's decision. He contends that the decision should be overturned for several reasons, and he asks that the respondents compensate him in the amount of $2,500.00, costs, and attorney's fees.

The Board filed a responsive pleading.

Lux's contention that he should recover $2,500.00 from the Owenses was rejected, after a hearing, by order of September 6, 1996.

As for Lux's claim that the Board decision is invalid and should be overturned, a hearing was conducted on October 31, 1996. This opinion letter addresses that matter.

### Standard of Review

Although Lux sought to present evidence, including testimony of witnesses, at the October 31st hearing, it is clear that the scope of judicial review under the Administrative Process Act is limited to the agency record. The court's role in an appeal from an agency decision is similar to an appellate court's role in an appeal from a trial court. The factual issues are controlled by the record. The court is not free to conduct a hearing de novo or to take additional evidence. The burden is on the appellant to demonstrate from the record an error of law subject to review by the court, including the substantiality of the evidence in support of the agency decision. See Virginia Code § 9-6.14:17; *State Board of Health v. Godfrey,* 223 Va. 423 (1982); *School Board v. Nicely,* 12 Va. App. 1051 (1991).

### Standing

The Board questions Lux's standing to assert many of the claims he makes in his petition for appeal. Lux's involvement in these agency proceedings is peripheral at best, the Board says, because payment from the recovery fund does not directly involve him and has no adverse impact upon him. (But see Virginia Code § 54.1-1126.)

For the reasons explained below, it is not necessary to enunciate a broad principle concerning a contractor's standing to seek judicial review of a payment from the fund, and the court declines to do so.

### Decision

Lux first contends that the Board's decision is invalid because the Owenses did not make their claim in strict compliance with the statute. Specifically, he says, it was not timely filed, and it did not contain the information required in subsection (6) of § 54.1-1120.

The Act provides that a claimant "may file a verified claim . . . to obtain . . . payment from the fund of the amount unpaid upon the judgment [against the contractor] subject to the following conditions . . . ." Under subsection (3), the claim must be filed "no later than six months [now twelve months] after the judgment became final."

The restitution order was entered on March 23, 1994. The Owenses filed their initial claim on September 2, 1994. Because the claim did not contain all the statutory information, the Board requested that they amend the

claim form. Meanwhile, Lux had appealed his criminal conviction. He had also filed for bankruptcy. He added the Owenses as "additional creditors" in the bankruptcy on December 23, 1994. The Court of Appeals denied his appeal on February 24, 1995. The Supreme Court of Virginia denied Lux's appeal to that court on October 25, 1995. Later, Lux's debts were discharged in bankruptcy. The Owenses submitted an amended claim form to the Board.

Although the Owenses' initial claim form was deficient, it is obvious from the agency record that the Board considered it "filed" and merely requested an amendment to it. When the amended form was received, the Board accepted it and did not question the timeliness of the filing. There is sufficient evidence in the record that the Owenses' claim was filed with the Board within six months of the time the restitution order became final.

Further, any deficiencies in the claim form were *de minimis* and nonprejudicial to Lux. For example, the claim did not contain a statement that the Owenses had conducted debtor's interrogatories of Lux and did not contain a description of the assets disclosed by such interrogatories. The reason for that omission is obvious: the Owenses could not conduct debtor's interrogatories because Lux was in bankruptcy. The statutory provision (§ 54.1-1120(6)) requiring the information is for the benefit of the Board and the integrity of the fund, certainly not for the benefit of the contractor whose misconduct gave rise to the claim. How can Lux complain that the Owenses did not pursue debtor's interrogatories against him when he knew that he was insolvent and that his bankruptcy proceeding immunized him from such state court proceeding?

Next, Lux contends that he did not have proper notice of the hearing that resulted in the agency's decision to pay the claim.

It is axiomatic that persons involved in agency proceedings are entitled to notice so that they may have the opportunity to be heard. Assuming that Lux was such a person, the record discloses that he was given notice.

The Board's recovery fund committee received a staff report about the Owenses' claim on February 14, 1996, and scheduled a hearing for March 18, 1996. Lux was notified of the hearing date by letter of March 7, 1996. Lux telephoned the Board on March 14, 1996, informed the staff person that he had received the notice, and asked for a "deferral" because he wanted time to prepare for the hearing. He wrote a letter to that effect on March 14, 1996. The committee did not grant Lux's request. Instead, it considered the claim on March 18, 1996. The committee voted unanimously to approve the claim. Lux was not present.

On March 22, 1996, Lux was advised of the committee's action. He was told that the Board would meet on April 10, 1996, to consider the committee's decisions, and he was invited to attend and address the Board. Lux received this notice. He responded by letter of March 27, 1996, stating that he intended to be present and address the Board. On April 3, 1996, Lux changed course and asked for a continuance. The Board met on April 10, 1996, denied Lux's request for a continuance, and approved the Owenses' claim. Lux was not present.

Thus, it was clear from the record that Lux *did* receive proper notice of the agency hearings and *was* given the opportunity to be heard. His real complaint is that neither the committee nor the Board granted his requests for continuances.

Whether to grant a continuance is within the discretion of the tribunal or agency conducting the proceeding. The agency did not abuse its discretion in this case. In his correspondence with the Board, Lux contended that the restitution order against him was void. The Board had before it a claim that had been filed in September of 1994, as well as copies of papers from the bankruptcy court, this court, the Court of Appeals, and the Supreme Court of Virginia. Balancing the interests of all interested parties, the Board did not err in deciding to make a final decision about the Owenses' claim in the spring of 1996 without further delays.

Lux complains that even if he had been at the Board proceedings on April 10, 1996, it would not have benefited him because the Board already had its committee's decision to approve the claim. This argument is without merit. It is acceptable procedure for an agency to investigate a claim prior to conducting a hearing and making a final determination. Here, the Board had before it a staff recommendation and a recommendation from its recovery fund committee, but it had not improperly delegated the final decision to anyone.

Lux also asserts that the Board's decision to pay the claim was invalid because the restitution order of this court is void. He claims that the order is void because it violated his right against double jeopardy and because his debt to the Owenses was discharged in bankruptcy.

As for the double jeopardy argument and other arguments about the validity of the criminal conviction, this court will not take cognizance of those matters in these proceedings. The criminal order is final, and all appeals have been exhausted.

As for the assertion that the debt was discharged in bankruptcy, the merits of that contention are suspect. The restitution order was entered on

March 23, 1994. Lux did not add the Owenses as creditors in his bankruptcy until December 23, 1994. Does a discharge in bankruptcy affect a prior criminal restitution order? In any event, the issue is academic in this proceeding. There is no provision in the Contractor Transaction Recovery Act that precludes the payment of a claim from the fund simply because the claimant's unsatisfied judgment against a contractor is uncollectible on account of the contractor's bankruptcy. Therefore, Lux's protestation that the restitution order against him is ineffective because his debt to the Owenses was discharged in bankruptcy is wholly irrelevant to a decision by the Board to pay the Owenses' claim from the fund.

Finally, Lux complains that he never received a copy of the Board's final "order" directing payment of the claim from the fund. The agency record contains its decision as a part of the Board's record of its April 10, 1996, meeting. The claim was paid. The fact that Lux did not receive a copy of the directive until some time after the Board decision is of no consequence. He knew that the directive had been made and that the claim had been paid. No one contends that his appeal to this court was untimely. Therefore, any failure to provide him a copy of the directive for payment has not prejudiced him.

For the reasons explained, the relief sought by Lux will be denied and the appeal dismissed.