# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Nanah Sesay

v.

Clarance H. Carter,
Commissioner

April 4, 1997

Case No. (Chancery) CH961603

BY JUDGE JOHN E. KLOCH

This matter was heard on February 28, 1997, upon Ms. Sesay's petition appealing the decision and order of the State Department of Social Services sustaining a local department determination that the Petitioner had abused her daughter.

Paraphrasing her petition, Ms. Sesay, through counsel, avers that the decision rendered by the Virginia Department of Social Services ("the Department") is defective as a matter of law, in that:

1. The decision is not in compliance with the statutory authority, the Department having misapplied the standard for child abuse;

2. The decision is not in compliance with Virginia case law which holds that the Department is precluded from proceeding against the Petitioner after she was acquitted by a criminal court;

3. The decision is not in compliance with the stated objectives of the Department regulations to protect children in that the local department dismissed a related petition against the petitioner here for the reason that the child in issue was emancipated, and therefore the decision in this case is barred by regulations and by res judicata;

4. That there lacks substantial evidence in the Department's record to support the findings of fact.

In rendering a decision in this case, the Circuit Court acts in the capacity of an appellate court, and its review is limited to a review of the record, and it is

not permitted to take additional evidence. *School Bd. v. Nicely*, 12 Va. App. 1051, 408 S.E.2d 545 (1991).

After a review of the records of this case, including the full report of the Department's hearing officer, this court makes the following findings and conclusions of law, responding to the points in the Petition for Appeal, *seriatim*:

1. That the hearing officer's decision is in substantial compliance with statutory authority, the Hearing Officer having applied the clear and convincing standard;

2. That the fact that the Petitioner was found not guilty in the criminal proceeding does not bar the proceedings here. In a number of opinions, courts have consistently held that because of the different standards of proof, a favorable disposition in the criminal proceeding does not preclude a civil determination of abuse. See *Garrigues v. Department of Social Services*, Record No. 0067-92-1 (Court of Appeals, July 14, 1992); *Outten v. Department of Social Services*, Record No. 2079-90-1 (Court of Appeals, May 14, 1991); *William H. Danyus v. Department of Social Services*, Chancery No. 22083-RF (Circuit Court of Newport News, August 5, 1992);

3. That the subsequent filing and dismissal on the grounds that the child in question was emancipated has no legal efficacy on these proceedings, and therefore this proceeding is not barred by res judicata;

4. That after a complete review of the record, there is substantial evidence to support the findings of the Hearing Officer. The record indicates that the affray between the Petitioner and her daughter developed into a mutual affray ... a battle of will, rather than a situation where one is aggressor and the other in a posture of self-defense as Petitioner argues. The Hearing Officer heard detailed evidence as to the sequence of events, the positioning of the parties, the resulting serious injuries, as well as had an opportunity to observe the demeanor of the parties. It cannot be said that considering the record taken as a whole, a reasonable mind would necessarily come to a different conclusion.

Accordingly, the decision of the Hearing Officer is hereby affirmed, and the appeal is denied.