## CIRCUIT COURT OF WARREN COUNTY

Helen Roberts

v.

Commonwealth of Virginia,
Department of Social Services

March 23, 1999

Case No. (Chancery) 98-34

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on a Petition for Appeal challenging the Department of Social Services' administrative determination of a founded case of abuse or neglect against Helen Roberts. The parties argued the case, and at the Court's request submitted their memorandum of authorities which the Court has considered. Upon consideration whereof, the Court has made the following decision vacating the Department of Social Services' October 3, 1997, administrative determination of founded neglect by Ms. Roberts based upon the *res judicata* effect of the October 10, 1997, order of the Warren County Juvenile and Domestic Relations District Court, which dismissed the department's abuse and neglect petition against Ms. Roberts on the merits, based on the same facts which formed the basis of the department's administrative determination of a founded case of abuse and neglect against Ms. Roberts.

*I. Statement of Material Facts*

The following material facts are not in dispute.

Helen Roberts is a resident of Warren County, Virginia, and at the time in question had a male and female foster child in her care. In October 1997, Helen Roberts was married to John Roberts but they were separated and were not living at the same address.

On October 3, 1997, the Warren County Department of Social Services mailed a letter to Mr. and Mrs. John Roberts at 116 East Fifteenth Street advising them that the local Department's investigation of the abuse and neglect charges against Ms. Roberts had resulted in a finding of:

> Founded — inadequate supervision of Sherry and Charles (Baltimore, level one), by Mrs. Roberts.

Helen Roberts resided at 116 East Fifteenth Street, Front Royal, Virginia, but she refused delivery of the department's October 3, 1997, letter addressed to her and her husband, because at that time she and her husband were separated, and the alleged sexual abuse by her husband was a significant part of the Department's finding of inadequate supervision on the part of Ms. Roberts.

After the initial investigation by the Warren County Department of Social Services of the facts in the Roberts case, it filed an abuse and neglect petition against Mr. and Mrs. Roberts in the Warren County Juvenile and Domestic Relations District Court. See Plaintiff's Exhibit 1. The petition for abuse and neglect filed against Helen Roberts was based upon the same facts as the administrative investigation by the Warren County Department of Social Services which resulted in its finding of abuse. See October 1, 1997, Dept. of Soc. Servs. Report, Plaintiff's Exhibit 1, and October 3, 1997, letter from department to Roberts.

On October 10, 1997, the Juvenile and Domestic Relations District Court of Warren County, case numbers J2921-04 and J2923-04, dismissed the abuse and neglect petitions against the Roberts, and the order stated:

> Petition based on [female child's] report of sexual abuse. She has recanted and DSS has no other evidence to support its petitions ... .
> it is ordered that the petition J2921-04 is dismissed on the merits and that the petition J2923-04 is dismissed on the merits. The preliminary

removal order is terminated by this action and the children shall be returned to Ms. Roberts' care.

The Warren County Department of Social Services was a party to the proceedings in the Warren County Juvenile Court, and it did not appeal the October 10, 1997, order. Nonetheless, the Department thereafter continued its prosecution of its administrative determination that there was a founded case of neglect against Ms. Roberts, and it maintained that Ms. Roberts' failure to respond and take timely action pursuant to the letter of October 3, 1997, which was later mailed to her by regular mail on October 27, 1997, bars her appeal in this case because "the appeal is untimely and had not been submitted to the local Department within thirty days of the disposition letter."

When Ms. Roberts learned about the Department's administrative finding of founded abuse, she filed an appeal of that determination on December 2, 1997, and she requested an administrative hearing on December 19, 1997. On January 5, 1998, a hearing officer of the Virginia Department of Social Services ruled that Ms. Roberts' appeal was not timely filed, because it had not been filed within thirty days of the October 3, 1997, disposition letter.

At the hearing on February 11, 1999, the Department admitted that the regulations on which they relied throughout most of this case were not in force in 1997 at the time in question, but rather became effective on January 1, 1998.

The case is now before the Court on a Petition for Appeal of the Department of Social Services' determination of founded abuse and its failure to consider her appeal on the merits. Ms. Roberts claims that the Warren County Juvenile and Domestic Relations District Court's October 10, 1997, Order dismissing the Department's abuse and neglect petition against her is a res judicata bar to the Department's thereafter pursuing its administrative determination of abuse and neglect.

Ms. Roberts has also filed a petition pursuant to Virginia Code § 9.6-14:21 requesting reasonable attorney's fees and costs incurred in this matter.

## II. *Conclusions of Law*

### A. *Plea of Res Judicata*

The first requirement for the application of the doctrine of *res judicata* is a former, final judgment on the merits. In *Storm v. Nationwide Ins. Co.*, 199

Va. 130, 133-34, 97 S.E.2d 759, 761 (1957), the Supreme Court discussed the requisite nature of the former judgment relied upon as *res judicata*:

> "A judgment on the merits, fairly rendered, by a court of competent jurisdiction, having cognizance both of the parties and the subject matter, however erroneous it may be, is conclusive on the parties and their privies until reversed or set aside in a direct proceeding for that purpose and is not amenable to collateral attack." 8 M.J., *Former Adjudication*, § 10, p. 581.
>
> "A judgment is not res adjudicata if it does not go to the merits of the case. To constitute a bar, it must appear either upon the face of the record or be shown by extrinsic evidence that the previous question was raised and determined in the former suit and that the former suit was determined on its merits." 8 M.J., *Former Adjudication*, § 12, p. 584.
>
> "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions." 50 C.J.S., *Judgments*, § 627, p. 52.
>
> "The true test of the conclusiveness of a former judgment with respect to particular matters is identity of issues. If a particular point or question is in issue in the second action and the judgment will depend on the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second if that same point was in issue and adjudicated in the first suit ... ." 50 C.J.S., *Judgments*, § 719, p. 198; 30 Am. Jur., *Judgments*, § 172, p. 914.
>
> The issue decided in the former action must have been identical with the issue presented in the second action, and the party now sought to be barred by the plea must have been the same party or one in privity with the party against whom the judgment was rendered. *Patterson v. Anderson*, 194 Va. 557, 74 S.E.2d 195.

*Id.*, at 133-34.

The order entered by the Warren County Juvenile and Domestic Relations District Court on October 10, 1997, (Plaintiff's Exhibit 1), became final on October 20, 1997, when no appeal was noted within ten days. It was a final

judgment on the merits of the abuse and neglect petition filed by the Warren County Department of Social Services against Ms. Roberts based on the facts set forth in the October 1, 1997, report of the Department of Social Services.

When remedies or rights of action arising from the same cause of action are concurrent, by pursuing one right of action to judgment, the plaintiff has made a binding election of remedy, and he is bound by the result. *Pollard v. Thalhimer*, 169 Va. 529, 536, 194 S.E. 701 (1938). In this case the Department could concurrently pursue both administrative and legal remedies, but once the Juvenile Court Order became final, it constituted a binding election on the Department, and barred it from thereafter pursuing an administrative finding of abuse or neglect based on the same facts which were before the Juvenile Court.

## B. *Persons Bound by Former Judgment*

The State Department of Social Services argues that it is not bound by the Juvenile Court order, because it was not a party to the Juvenile Court proceeding. There is no merit to that position. The res judicata bar applies both to parties and their privies.

Whether a person is in privity with another person so as to be bound by an earlier judgment requires a factual inquiry in each case. As noted by the Supreme Court of Virginia in *Kesler v. Fentress*, 223 Va. 14, 17 (1982), quoting with approval *Patterson v. Saunders*, 194 Va. 607, 613, 74 S.E.2d 204 (1953):

> It is generally held that "privity" means a mutual or successive relationship to the same rights of property, or such an identification in interest of one person with another as to represent the same legal rights, and the term "privity" when applied to a judgment or decree refers to one whose interest has been legally represented at the trial.

The issue of privity is a fairly subtle legal doctrine, and it was discussed rather extensively by the Court of Appeals in *Race Fork Coal v. Turner*, 5 Va. App. 350, 354-355 (1987):

> Generally, only parties to an *in personam* action are bound by a judgment to that action. [Cites omitted.] ... .
> Privies are bound by judgment because "privity" means a mutual or successive relationship to the prior rights of property. Thus, a privy

to a party has had his or her interests legally represented at trial. [Cites omitted.]

Not every legal relationship in which parties have similar interests are in privity. Privity may exist by virtue of a contractual relationship, statutory duty, or operation of law. No definition of privity automatically applies to all cases. "While privity generally involves a party so identical in interest with another that he represents the same legal right, a determination of just who are privies requires a careful examination into the circumstances of each case."

An illustration of the analysis used by the Court to determine whether parties are privies for purposes of the application of the doctrine of res judicata is *Pickeral v. Federal Land Bank of Baltimore*, 177 Va. 743, 15 S.E.2d 82 (1941), where the Federal Land Bank of Baltimore was allowed to assert the doctrine of collateral estoppel because the "[b]ank was a party inferentially and by representation . . ." to the earlier action being pleaded as an estoppel and was therefore bound, because the Bank's contract purchasers were parties to the earlier litigation. This is an example of privity arising from a legal relationship between the parties. *Id.* at 746. *Accord Patterson v. Saunders*, 194 Va. 607, 74 S.E.2d 204 (1953).

"A valid personal judgment on the merits ... bars relitigation of the same cause of action or any part thereof which could have been litigated, between the same parties and their privies." *Bates v. Devers*, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974). The "determination of just who are privies requires a careful examination into the circumstances of each case." *Nero v. Ferris*, 222 Va. 807, 818, 284 S.E.2d 828 (1981). A county is a political subdivision of the state. *Mann v. County Board*, 199 Va. 173, 98 S.E.2d 515 (1957). When acting pursuant to Title 63.1 of the Code of Virginia, the Warren County Department of Social Services is an agent of the Commonwealth of Virginia; therefore, the State Department of Social Services is in privity with the Warren County Department of Social Services, and the State Department of Social Services is bound by the October 10, 1997, order of the Warren County Juvenile and Domestic Relations District Court.

As the Court of Appeal observed in *Jackson v. W.*, 14 Va. App. 391, 395, n. 1, 419 S.E.2d 385 (1992):

The Virginia Department of Social Services (DSS), an executive department responsible to the Governor, is under the direction of the Commissioner of Social Services (Commissioner), the appellant in

this matter. Code § 63.1-1.1. The State Board of Social Services (State Board) consists of nine members appointed by the Governor. Code § 63.1-14. Within each county or city in the Commonwealth there is a local department of social services (department). Code § 63.1-248.2(C). Each local department must establish a child-protective services unit, Code § 63.1-248.6(A), which operates locally under guidelines promulgated by the State Department in cases involving suspected child abuse.

Where removal of children from their home is deemed necessary, the local Department of Social Services is charged with petitioning the juvenile court for removal. Virginia Code § 63.1-248.6(E)(4). The local Department of Social Services is also charged under this statute to investigate and make administrative findings and to arrange for necessary protective and rehabilitative services for the child and the family. Virginia Code § 63.1-248.6. Under the statutory framework, the local department of social services may sometimes be proceeding concurrently with both administrative investigations of abuse, providing services to the family involved, and with formal court proceedings as was done in the instant case.

The Department argues that there was not identity of issues between the juvenile court proceeding and the administrative investigation by the Department of Social Services because the only finding made against Helen Roberts in the administrative determination was "founded inadequate supervision." Department's memorandum, page 3. However, this overlooks the fact that the inadequate supervision administrative finding by the Department was based upon the same facts contained in the background information submitted to the juvenile court in its October 1, 1997, report which is attached to Plaintiff's Exhibit # 1 and which formed the foundation of the petition in the juvenile court.

Relying upon federal authorities, the Department unconvincingly argued that the issues before the juvenile court were materially different from those involved in the department's administrative investigation and determination of founded abuse by Ms. Roberts. The present case is distinguishable from *Guiden* v. *Southeastern Public Service Auth. of Va.*, 760 F. Supp. 1171 (E.D. Va. 1991), and the other federal cases cited by the Department, because this Court finds that the claims involved in the juvenile court and in the administrative proceeding were based on essentially the same facts and involved the same core issue of whether the children were abused or neglected while in Ms. Roberts' care, and the State Department of Social Services was

in privity with the Warren County Department of Social Services insofar as the abuse and neglect proceeding in the Warren County Juvenile and Domestic Relations District Court is concerned.

## C. Attorney's Fees

Ms. Roberts claims that she is entitled to recover her attorney's fees incurred in this appeal, as distinguished from the underlying proceedings before the Juvenile Court, pursuant to Virginia Code § 9-6.14:21 of the Administrative Process Act. The respondent in the present action is the Commonwealth of Virginia Department of Social Services, which is a state agency within the meaning of Virginia Code § 9-6.14:4. The January 5, 1998, decision which is the basis of the appeal is an "agency action" within the meaning of Virginia Code § 9-6.14:4. The letterhead on which the January 5, 1998, decision is written is captioned "Commonwealth of Virginia Department of Social Services." The Petitioner also substantially prevailed in this case, and the State's position was not substantially justified, so this would be a case in which attorney's fees would be awarded, if it is within the purview of the Administrative Process Act. However, the decision appealed from is the administrative determination of founded neglect of the Warren County Department of Social Services, not a decision of the State Department of Social Services. The only involvement by the State in the instant case was to provide an administrative review mechanism of the local department's determination of founded abuse pursuant to Virginia Code § 63.1-248.6:1 and to maintain the record in the central child abuse registry.

"Entities exempted by the General Assembly from the provisions of the Administrative Process Act include municipal corporations and counties. Code § 9-6.14:4.1(A)." *Schwartz v. Highland County Sch. Bd.*, 2 Va. App. 554, 556, 346 S.E.2d 544 (1996). *Accord Johnson v. Va. Beach Dept. of Soc. Servs.*, Va. Beach, Ch. 95-636; and *Walker v. Va. Dept. of Soc. Servs.*, Va. Beach CL95-3047. When one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner ... and ... they conflict, the latter prevails." *Virginia Nat'l Bank v. Harris*, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979). Virginia Code § 9-6.14:4.1(A)(5) specifically exempts counties from the application of Virginia Code § 9-6.14:21 "except to the extent that they are specifically made subject to" it. Since no state "agency action" was involved in the initial determination of the Warren County Department of Social Services, which gave rise to the controversy, the

attorney's fees provisions of Virginia Code § 9-6.14:21 do not apply to this case. Therefore, the petition for attorney's fees is denied.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. The October 3, 1997, finding of "founded" abuse and neglect against Helen Roberts is vacated, and the Department of Social Services shall take such action as is necessary to remove Helen Roberts' name from the Department's Child Abuse and Neglect Central Registry.

2. The Petitioner's petition for an award of attorney's fees is denied.