COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Bumgardner
Argued at Salem, Virginia


HARVEY E. LONG

                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1807-97-3        JUDGE RICHARD S. BRAY
                                           MAY 19, 1998
VIRGINIA RETIREMENT SYSTEM


              FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                         Ray W. Grubbs, Judge

              Raphael B. Hartley, III (Dorsey & Hartley, on
              brief), for appellant.

              Patricia H. Quillen, Assistant Attorney
              General (Richard Cullen, Attorney General;
              Michael K. Jackson, Senior Assistant Attorney
              General, on brief), for appellee.


        Harvey E. Long (Long) appeals an order of the trial court

which affirmed a decision by the Virginia Retirement System (VRS)

denying his claim for permanent disability retirement benefits.

Finding no error, we affirm the order.

        The parties are conversant with the record and this

memorandum opinion recites only those facts necessary to

disposition of the appeal.

        In accordance with well established principles, we view the

evidence in the light most favorable to the prevailing party

below, the VRS in this instance.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 789 (1990).

        After 24 years of employment in the Poultry Science

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Department at Virginia Polytechnic Institute and State University, Long was transferred to the Animal Science Department, with an attendant change in job responsibilities. Following the transfer, Long became depressed and was diagnosed with "major depression, melancholia" while hospitalized at the Lewis-Gale Psychiatric Center from February 28 to March 9, 1992. Upon release from the hospital, however, Long returned to his employment and discontinued medication, despite persistent depression and related difficulties.

During February 1994, Long resumed psychiatric treatment. Although the professional care and treatment regimen improved Long's "anxiety and sleeping patterns," he continued to suffer depression and deficiencies in his job performance and retired in February of 1995, applying for permanent disability benefits from the VRS in March 1995.

Three psychiatrists evaluated Long incidental to his disability claim. On May 9, 1995, Dr. Neil Dubner, Long's treating psychiatrist, opined that Long was "permanently disabled as a result of a chronic Major Depressive state" and was an unsuitable candidate for "Electraconvulsive Therapy" (ECT). However, Dr. Pamila Herrington, a resident in psychiatric medicine at the University of Virginia, concluded that

> [g]iven his partial response to pharmacologic treatment, [Long] may continue to show improvement with further medical management, or ECT may be a further consideration. The patient, however, is very vested in seeking disability and may be resistant to pursuing other treatment options.

> At this time, there is no evidence that the patient will be rendered permanently disabled secondary to his mental illness.

Dr. Debra J. Hockett also evaluated Long and supported Dr. Dubner, finding Long "permanently disabled" by "chronic depression along with an early onset dementia" which precluded ECT treatment.

After the VRS Medical Board had reviewed Long's claim pursuant to Code § 51.1-124.23 and recommended denial of relief on these occasions, the VRS designated attorney R. Louis Harrison, Jr. to conduct an "informal fact-finding hearing" and report his findings and recommendations to the VRS. In a written decision, dated May 22, 1996, Harrison reviewed the record in detail and determined "that Mr. Long is not likely to be permanently disabled," a finding that the VRS adopted in its "final case decision" on June 21, 1996. In affirming the VRS action on appeal, the trial court ruled that "substantial evidence" supported the ruling.

Upon judicial review of agency action in accordance with the Administrative Process Act (APA), the court must examine the entire record to "ascertain[] whether there was substantial evidence . . . upon which the agency as the trier of the facts could reasonably find them to be as it did." Code § 9-6.14:17. "Cases subject to the standard of review outlined in Code § 9-6.14:17 cannot be considered a trial de novo since the factual issues on appeal are controlled solely by the agency

record." School Bd. of County of York v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991). "Therefore, . . . the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." Id.

"The 'substantial evidence' standard, adopted by the General Assembly, is designed to give great stability and finality to the fact-findings of an administrative agency. The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (citation omitted).

Here, although each of three psychiatrists agreed that Long suffered major depression, opinions differed with respect to appropriate treatment and the permanency of the illness. Significantly, Dr. Herrington noted that all treatment options had not been exhausted and that a finding of permanency was premature. Guided by the "substantial evidence" standard of review, we find that Dr. Herrington's opinion, when considered with the entire record, constituted "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Thus, the court correctly affirmed the denial of disability benefits to Long.

Accordingly, we affirm the decision of the trial court.

Affirmed.