# CIRCUIT COURT OF ARLINGTON COUNTY

William E. Hurwitz

    v.

Virginia Board of Medicine

June 30, 1998

Case No. (Chancery) 96-676

BY JUDGE PAUL F. SHERIDAN

William E. Hurwitz, M.D., petitioned this Court for appeal and review under the Virginia Administrative Process Act § 9-6.14:1 through 9-6.14:25 ("VAPA") of a case decision by Respondent Board of Medicine ("Board"). The petition challenged the legality of the Board's Final Order of August, 1996, the preliminary phases of the Board's administrative investigation, and all proceedings leading to and following that Final Order on substantive and procedural grounds.

Able counsel for the petitioner have asserted that an overriding public policy issue involved is the undertreatment of chronic intractable pain by doctors fearful of an alleged "narcophobia" on the part of regulatory and law enforcement agencies.

The Board argues that it lawfully could and did proceed in a constitutionally valid manner, pursuant to statutory authority, to reasonably conclude from the evidence that this doctor's unprofessional conduct in inadequate history-taking, record-keeping, exams, patient monitoring, and referrals to other professionals, coupled with an apparent unquestioning compliance with patients' requests for prescriptions and refills, all justified Board intervention and actions to prevent or to minimize danger to the health and welfare of his patients and to the public.

Under VAPA, this Court's review of the Board's process and decision is limited to whether: (i) the agency acted in accordance with the law; (ii) the agency made a procedural error which was not harmless; and (iii) the agency

had sufficient evidentiary support for its findings of facts. *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988). Judicial review is not a trial *de novo* since the factual issues are controlled solely by the agency record, and under VAPA, this Court functions as an appellate tribunal. *School Board of County of York v. Nicely*, 12 Va. App. 1051, 1062 (1991).

An initial decision was made by this Court on May 8, 1997, when the Court denied petitioner's motion for partial summary judgment. The Board then argued that there exists no procedural opportunity to even consider summary judgment in such an appeal but did participate. The May 8th decision essentially concluded that the Virginia Intractable Pain Act's "safe harbor," Va. Code § 54.1-2971.01, particularly regarding "excess dosage" of drugs administered "in good faith for recognized medicinal or therapeutic purposes," did not deprive the Board of its authority to act against a doctor on the basis of Virginia Code § 54.1-2914. Specific reasons for that decision are reflected in the transcript.

The Court concluded then and now that the "safe harbor" of the Virginia Intractable Pain Act does not prevent the Board's acting to decide whether certain practices follow "recognized" or "accepted" "therapeutic" medical purposes, regardless of the claimed subjective good faith of a prescribing physician.

On May 8, 1997, petitioner's motion for summary judgment regarding procedural bias, evidentiary sufficiency, and credibility issues was also denied.

The Court subsequently heard oral argument on all issues and took the case under advisement. After repeated review of petitioner's theories of the Board's statutory powers and other issues in the case, the Court now concludes that petitioner's request for relief should be denied for the reasons which follow.

### 1. *Statutory*

Section 54.1-2915.(A)(3) and § 54.1-2914 validly grant the Board power to act, and exercise of that power here is not inconsistent with the "safe harbor" of the Virginia Intractable Pain Act. It is not just a "clerical error" to fail to record the justification for refilling prescriptions, but it is an absence of certifying the medical necessity for the excess dosage in the patient's medical records as required by Va. Code § 54.1-2971.01.

## 2. *Procedural*

a. The Board's summary suspension power was validly exercised in light of the public safety and patient danger issues known to it, particularly pursuant to § 54.1-2914.A(10).

b. The petitioner was afforded an opportunity to timely be heard by the Board, even though federal court intervention helped produce the timely opportunity.

c. The Board's conduct of its hearing did not violate its powers or constitutional standards.

d. The Board did not rule on the basis of a civil "negligence" standard but applied the governing legislative terms appropriately, and its decision was supported by the evidence.

e. The Board's decision on the areas of expertise, expert's qualifications, and the credibility of witnesses were not clearly wrong or without evidentiary support.

f. The Board's own expertise was validly used and indeed of questionable necessity in certain fact findings such as petitioner's decision that police had "entrapped" a patient in Washington and that petitioner could continue to supply drugs to that patient.

g. The Board's ruling was limited in scope and duration, consistent with the facts.

## 3. *Jurisdiction*

The petitioner's acts created the Board's jurisdiction over petitioner.

## 4. *Substantive*

The Board's findings and conclusions are supported by the evidence and applicable law.