## Salem

TOWN OF FRIES, et al.

v.

STATE WATER CONTROL BOARD, et al.

No. 1859-90-3

Decided October 1, 1991

214

COUNSEL

Terry N. Grimes (King, Fulghum, Snead, Nixon & Grimes, on brief), for appellants.

*Amicus Curiae*: Southern Environmental Law Center, Deborah M. Wassenaar (Katherine E. Slaughter, David W. Carr, Jr., on brief), for appellants.

John R. Butcher, Assistant Attorney General, Richard H. Sedgley (Mary Sue Terry, Attorney General; Mary Jo Leugers, Assistant Attorney General; David E. Evans, McGuire, Woods, Battle & Boothe, on briefs), for appellees.

OPINION

DUFF, J.—This appeal arises from an order sustaining the demurrer of the State Water Control Board ("Board") based on a finding that the appellants are without standing to challenge certain actions by the Board. The appellants include the Town of Fries, the Fries Civic League, Natural Sands and Products, Inc., and 15 riparian landowners. The issues on appeal are: (1) whether Code § 9-6.14:16 of the Virginia Administrative Process Act ("VAPA") provides the appellants with a right of judicial review in addition to that provided for in Code § 62.1-44.29; and (2) whether the appellants lacked standing under the applicable provisions of the State Water Control Law to seek judicial review of the Board's case decision. The Board, by assignment of cross error, contends that the appellants did not timely or properly file a

notice of appeal from the Board's June 27, 1989 decision. However, from the view we take of the case in this opinion, the assignment of cross error is moot and will not be addressed.

This appeal arose as the result of the Board having granted the City of Galax's request for an amended Virginia Pollutant Discharge Elimination System ("VPDES") permit to build an enlarged sewage treatment plant that would discharge directly into the New River, upstream of the Town of Fries. Prior to the City's request for an amended VPDES permit, the City's sewage treatment plant discharged into Chestnut Creek, a tributary that enters the New River downstream of the Town of Fries.

The Board held public hearings on January 30, 1989, and on May 18, 1989. The appellants participated in these proceedings by submitting both written and oral comments.

On June 27, 1989, the Board approved the issuance of the amended permit. On July 26, 1989, the appellants petitioned the Board for a formal hearing regarding the permit. The petition was denied by the Board's Executive Director on September 12, 1989.

The appellants appealed the denial of the formal hearing to the Board on October 12, 1989. The appellants next petitioned the Circuit Court of the County of Grayson on November 13, 1989, for review of the Board's decision to issue the amended VPDES permit.

The trial court initially overruled the Board's demurrer and denied the City's motion to dismiss. A motion to reconsider was filed. By order entered October 11, 1990, the trial court granted the Board's motion to reconsider and sustained the demurrer. The court ruled that the appellants' right to appeal a case decision of the Board must be found in either the VAPA (Code § 9-6.14:16) or the State Water Control Law (Code § 62.1-44.29). The court further found that the appellants did not have standing because they were not "parties aggrieved" pursuant to Code § 9-6.14:16, or "owners aggrieved" pursuant to Code § 62.1-44.29. We agree with the trial court's finding; however, we disagree with the basis thereof for the reasons that follow. Accordingly, we affirm.

We first address whether Code § 9-6.14:16 (VAPA) provides appellants with a right of judicial review in addition to that provided for in Code § 62.1-44.29 (Water Control Law). A panel of

this court recently determined the relationship between the standing requirements in the State Water Control Law and the VAPA. In *Environmental Defense Fund v. State Water Control Board*, 12 Va. App. 456, 404 S.E.2d 728 (1991), decided subsequent to the trial court's ruling, the court held that the standing requirement of Code § 62.1-44.29 is controlling over the standardized court review provided for in Code § 9-6.14:16. *Id.* at 462, 404 S.E.2d at 732. Thus, Code § 9-6.14:16 does not create an additional basis for jurisdiction, but instead "gives deference to provisions of the basic law, such as Code § 62.1-44.29, which makes express provisions for standing." *Id.* at 461, 404 S.E.2d at 731.

 In *Commonwealth v. Burns*, 240 Va. 171, 395 S.E.2d 456 (1990), the Supreme Court specifically noted that panels of this court are bound by the traditional rules of decision such as *stare decisis.* The provision in Code § 17-116.02(C) that each panel shall hear and determine "independently of the others" the matters assigned to it means that each panel must decide "on its own the cases it hears, not that it is free from . . . *stare decisis.*" *Id.* at 174, 395 S.E.2d at 457. Accordingly, we hold, as did the panel that decided *Environmental Defense Fund*, that Code § 9-6.14:16 does not provide an additional basis for court review under the facts in the record.

 In addition, Code § 9-6.14:15(i) expressly excludes from court review "any agency action which . . . is placed beyond the control of the courts by constitutional or statutory provisions expressly precluding court review." Section 62.1-44.29 provides solely to an "owner aggrieved" the right of court review. It provides no similar right to any other persons. The express provision of a right of appeal for an "owner aggrieved" implies that there is no such right for any other person.[1] *See Murray v. Green*, 240 Va. 204, 207, 396 S.E.2d 653, 655 (1990). Therefore, we conclude that Code § 9-6.14:15 prohibits judicial review of the Board's decision at the insistence of any one other than an "owner aggrieved."

---

[1] This does not mean that the Board's decision to issue a VPDES permit goes unchecked if the owner does not complain. Section 402(d) of the Clean Water Act, 33 U.S.C. § 1342(d) requires the State to transmit copies of all permit applications to the EPA Administrator for his review. The Administrator can veto any permit if he decides it is insufficient.

■ In determining whether appellants had standing under the State Water Control Law to appeal the Board's decision, our review is limited to whether the appellants are "owners aggrieved" under Code § 62.1-44.29. Under Code § 62.1-44.29 "[a]ny owner aggrieved by a final decision of the Board . . . is entitled to judicial review thereof." "Owner," as used in Code § 62.1-44.29, is defined by Code § 62.1-44.3 (formerly Code § 62.1-44.3(5)).

> any person or group of persons acting individually or as a group that owns, operates, charters, rents, or otherwise exercises control over or is responsible for any actual or potential discharge of sewage, industrial wastes, or other wastes to state waters, or any facility or operation that has the capability to alter the physical, chemical, or biological properties of state waters in contravention of Code § 62.1-44.5.

In addition, "[t]he term 'aggrieved' has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision." *Virginia Beach Beautification Commission v. Board of Zoning Appeals*, 231 Va. 415, 419, 344 S.E.2d 899, 902 (1986). An appellant must show that he has "an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest." *Id.* (quoting *Nicholas v. Lawrence*, 161 Va. 589, 593, 171 S.E. 673, 674 (1933). A petitioner must establish a denial of a "personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally." *Id.* at 419-20, 344 S.E.2d at 903.

The trial court properly found that the appellants were not "owners aggrieved" under these definitions. The Town of Fries appeared in a representative capacity for the citizens of Fries, who are interested in this matter because of their intention to use the New River as a source of drinking water. The Fries Civic League is an incorporated association which owns no property, possesses no permits for the use of the New River, and has no identified specific interest in this matter. The fifteen named individual appellants simply own land adjoining the New River. Natural Sands and Products, Incorporated ("Natural Sands") is an entity which operates a sand and gravel operation located on the New River, and is the only appellant with a permit to utilize or otherwise conduct activities in the New River. Natural Sands holds a VPDES

for discharges into the New River. The appellants' interest in this case is due to the possible degradation of New River if the permit appealed from is granted. None have shown an immediate, pecuniary, and substantial interest in this action. Instead, they challenge an anticipated public injury, which the Court in *Virginia Beach Beautification* held was an insufficient ground to establish standing.

Therefore, we conclude that none of the appellants have standing under Code § 62.1-44.29 to challenge the Board's issuance of the VPDES permit to the City of Galax.

In short, the Board's only action has been to issue the permit to Galax. The permit does not and, pursuant to Code § 62.1-44.22, cannot authorize any harm to private property and does not protect Galax if it does so.

Accordingly, the decision of the trial court in sustaining the demurrer is

*Affirmed.*

Koontz, C.J., and Willis, J., concurred.