COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


MAY DEPARTMENT STORES COMPANY

                                                OPINION BY
v.    Record No. 0820-98-2                 JUDGE LARRY G. ELDER
                                               APRIL 27, 1999
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF ENVIRONMENTAL QUALITY
 AND DENNIS H. TREACY, DIRECTOR


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     George F. Tidey, Judge

          John S. Hahn (Monica S. Desai; William C.
          Wood; Michael S. Ewing; Sonnenschein, Nath &
          Rosenthal; Rawlings & Wood, on briefs), for
          appellant.

          John R. Butcher, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     The May Department Stores Company (appellant) appeals a

decision of the circuit court dismissing its administrative

appeal of a decision by the Commonwealth's Department of

Environmental Quality (DEQ).  Appellant had sought reimbursement

from the Petroleum Storage Tank Fund (Tank Fund)[1] for certain

environmental clean-up efforts.  Upon DEQ's denial of its

_____

     [1]Code §§ 62.1-44.34:10 through 62.1-44.34:13 govern the
establishment and administration of the Tank Fund under the
direction of the State Water Control Board (Board).  DEQ is
empowered to implement regulations of the Board and administer
funds appropriated to it.  See Code §§ 10.1-1185, 10.1-1186.

request, appellant appealed to the circuit court pursuant to the Virginia Administrative Process Act (VAPA), Code §§ 9-6.14:1 through 9-6.14:25, but the circuit court ruled appellant "ha[d] no right of appeal of the reimbursement decision" and dismissed the appeal.  The sole issue for our review is whether the VAPA provides appellant a right of appeal to the circuit court from DEQ's denial of its request for reimbursement from the Tank Fund.  We hold that it does, and we remand the case to the circuit court for further proceedings.

The law at issue here, the State Water Control Law, codified at Title 62.1, Chapter 3.1, expressly permits judicial review under the VAPA of any regulation promulgated by the State Water Control Board (Board).  See Code § 62.1-44.24.  The State Water Control Law also provides expressly for judicial review of certain decisions made pursuant to Articles 2, 3 and 4 of that law:

> Any owner aggrieved by, or any person who has participated . . . in the public comment process related to, a final decision of the [State Water Control] Board under §§ 62.1-44.15(5), 62.1-44.15 (8a), (8b), and (8c), 62.1-44.16, 62.1-44.17, 62.1-44.19 or § 62.1-44.25, whether such decision is affirmative or negative, is entitled to judicial review thereof in accordance with the provisions of the Administrative Process Act . . . if such person meets the standard for obtaining judicial review of a case or controversy pursuant to Article III of the United States Constitution.

-

Code § 62.1-44.29 (art. 5).  The cited code sections all relate to the Board's authority to issue certificates allowing the discharge of certain waste products and the right of "[a]ny owner aggrieved by, or any person who has participated . . . in the public comment process related to," certain decisions regarding issuance of such certificates to petition the Board for a hearing.  Article 11 of the State Water Control Law, which governs the Board's regulation of the discharge of oil into waters of the Commonwealth, contains a provision stating that the VAPA shall govern the Board's activities and proceedings but expressly limits them to proceedings "under this article."  Code § 62.1-44.34:22.  Although the statutes governing the Tank Fund also are contained in this chapter, in Article 10, they make no mention of judicial review or the VAPA.

The law, therefore, provides expressly that appeals from certain regulations and decisions of the Board shall be governed by the VAPA, see Code §§ 62.1-44.24, 62.1-44.29, 62.1-44.34:24, but it does not indicate whether, or under what conditions, appeals may be taken from other actions of the Board, such as decisions made regarding the Tank Fund.  DEQ contends that only those decisions of the Board listed in the State Water Control Law's specific appeals provision, Code § 62.1-44.29, are appealable under the VAPA.  Appellant contends that DEQ's position would render the VAPA's provisions virtually meaningless and that the VAPA must, therefore, govern agency

-

action even where the agency's basic law does not expressly so state, as long as such application is not expressly excluded. To ascertain whether agency actions pursuant to the Tank Fund are subject to judicial review, we examine the purpose and provisions of the VAPA.

We previously have observed that "the General Assembly has chosen to waive explicitly the sovereign immunity of agencies in general . . . for certain suits brought pursuant to the [VAPA] . . . ." Virginia Bd. of Med. v. Virginia Physical Therapy Assoc., 13 Va. App. 458, 465, 413 S.E.2d 59, 63-64 (1991), aff'd, 245 Va. 125, 427 S.E.2d 183 (1993). The VAPA provides for judicial review of rules and regulations promulgated, and case decisions issued, by administrative agencies. See Code §§ 9-6.14:3, 9-6.14:16. Its purpose is "to supplement present and future basic laws[2] conferring authority on agencies either to make regulations or decide cases as well as to standardize court review thereof save as laws hereafter enacted may otherwise expressly provide." Code § 9-6.14:3 (footnote added). The VAPA "does not supersede or repeal additional procedural requirements in such basic laws," id., and it expressly exempts certain

---

[2]The VAPA defines "basic laws" as the "provisions of the Constitution and statutes of the Commonwealth of Virginia authorizing an agency to make regulations or decide cases or containing procedural requirements therefor." Code § 9-6.14:4.

-

agencies and agency actions from its provisions, see Code

§ 9-6.14:4.1.

> Thus, the VAPA is intended to be a default
> or catch-all source of administrative due
> process, applicable whenever the basic law
> fails to provide process.  In summary, the
> VAPA governs an agency's actions except
> where that agency's basic law provides its
> own due process or where the VAPA expressly
> exempts a particular agency or its actions.

School Bd. v. Nicely, 12 Va. App. 1051, 1060, 408 S.E.2d 545,

550 (1991) (citation omitted).  We interpret these statements to

mean that where an agency's basic law provides expressly for

VAPA coverage of certain proceedings under specified conditions

and makes no provision for judicial review of other proceedings,

the unmentioned proceedings are subject to the VAPA unless

otherwise expressly excluded.  Compare id. at 1058-61, 408

S.E.2d at 549-50 (holding that where basic law provides right of

judicial review but does not specify statute of limitations,

judicial review provisions satisfy due process and VAPA's

statute of limitations does not apply); Environmental Defense

Fund v. State Water Control Bd., 12 Va. App. 456, 462, 404

S.E.2d 728, 731 (1991) (holding that appeal of Board decision

rendered under earlier version of Code § 62.1-44.29 was governed

by the specific standing requirement of that provision rather

than the more general standing provision of the VAPA's Code

§ 9-6.14:16).

-

Here, in keeping with these principles, a careful analysis of the VAPA's exclusion provisions leads us to conclude that the General Assembly intended to permit judicial review of decisions of the Board in administering the Tank Fund.  As outlined above, the VAPA lists certain "agency actions otherwise subject to [the VAPA] . . . [which] are excluded from the operation of Article 2 [of the VAPA]."  Code § 9-6.13:4.1(C).  Among those actions excluded are those involving "[g]eneral permits issued by the State Water Control Board pursuant to the State Water Control Law (§ 62.1-44.2 et seq.), Chapter 24 (§ 62.1-242 et seq.) of Title 62.1 and Chapter 25 (§ 62.1-254 et seq.) of Title 62.1 if the Board [satisfies certain notice, comment and hearing requirements]."  Code § 9-6.14:4.1(C)(12).  This code section specifically indicates that the provisions it excludes from the operation of Article 2 are those which would "otherwise [be fully] subject to [the VAPA]."  Id. (emphasis added).

Under DEQ's theory, the only portions of the State Water Control Law that are subject to the VAPA are those specifically listed in the State Water Controls Law's Code § 62.1-44.29.  However, none of the statutes listed in § 62.1-44.29 involves the "[g]eneral permits" referred to in the VAPA's exclusion provisions; instead, the statutes listed in § 62.1-44.29 involve certificates.  Other sections of the State Water Control Law, however, do provide for the issuance of general permits.  See Code § 62.1-44.15:5.2 ("General permits for ready-mix concrete

-

plant discharges"); Code § 62.1-44.17:1 ("General permits for confined animal feeding operations").  To hold that the VAPA does not apply to these general permit statutes would render meaningless the portion of the VAPA's Code § 9-6.14:4.1(C)(12) referring to "[g]eneral permits issued by the State Water Control Board pursuant to the State Water Control Law (§ 62.1-44.2 et seq.)."  Therefore, absent application of the exclusion in Code § 9-6.14:4.1(C)(12), these general permit statutes would be fully covered by the provisions of the VAPA.

Nothing in the VAPA or the State Water Control Law specifically lists these general permit statutes as subject to appeal under the VAPA.  Therefore, any agency action rendered under the State Water Control Law must be subject to appeal under the VAPA if the action otherwise meets the VAPA's criteria for judicial review and is not subject to any other statutory exclusion.[3]

---

[3]DEQ also points to the General Assembly's 1986 amendment of Code § 9-6.14:16 to remove language in the VAPA which had provided a right of appeal under the VAPA in the absence of a right in the basic law.  We rejected this analysis in <u>Nicely</u>, in which we held as follows:

> [T]he revision merely changed the form of the statute rather than its substance since the revision simply deleted superfluous language whose import is embodied in Code § 9-6.14:3, which states the VAPA's purpose. The substance of the deleted language was that if a basic law does not create process for aggrieved persons to appeal agency decisions, the VAPA process for court review is applicable.  In other words, the VAPA

The fact that Code § 62.1-44.29 specifically mentions judicial review of Board decisions rendered under only a limited number of statutes does not compel the conclusion that the General Assembly intended only those decisions to be reviewable. Rather, that code section sets out a test different from the VAPA's for determining who has standing to seek review of such decisions. Code § 62.1-44.29 provides that an "owner aggrieved by, or any person who has participated . . . in the public comment process related to," a decision rendered under one of the enumerated statutes is entitled to review under the VAPA if the "person meets the standard for obtaining judicial review of a case or controversy pursuant to Article III of the United States Constitution." That standard requires proof that

> (i) such person has suffered an actual or imminent injury which is an invasion of a legally protected interest and which is concrete and particularized; (ii) such injury is fairly traceable to the decision of the Board and not the result of the independent action of some third party not before the court; and (iii) such injury will likely be redressed by a favorable decision by the court.

Id.

The VAPA, by contrast, provides a right of review to "[a]ny person affected by and claiming the unlawfulness of any

---

supplements a basic law that lacks process for review of agency decisions. See Code § 9-6.14:3.

12 Va. App. at 1060, 408 S.E.2d at 550.

-

regulation, or <u>party aggrieved</u> by and claiming unlawfulness of a case decision."  Code § 9-6.14:16 (emphases added).  "Case decision" is defined as

> any agency proceeding or determination that, under laws or regulations at the time, a named party as a matter of past or present fact, or of threatened or contemplated private action, either is, is not, or may or may not be (i) in violation of such law or regulation or (ii) in compliance with any existing requirement for obtaining or retaining a license or other right or benefit.

Code § 9-6.14:4.  A comparison of these provisions reveals that the requirements for judicial review of agency decisions specified in Code § 62.1-44.29 are more stringent than those under the VAPA.  <u>See</u> <u>Environmental Defense Fund</u>, 12 Va. App. at 462, 404 S.E.2d at 731 (noting that "'owner aggrieved' requirement [in earlier version of Code § 62.1-44.29] is a more restrictive standard than 'person affected' or 'party aggrieved' [in Code § 9-6.14:16]"); <u>see</u> <u>also</u> <u>Town of Fries v. State Water Control Bd.</u>, 13 Va. App. 213, 217-18, 409 S.E.2d 634, 637 (1991) (applying "owner aggrieved" provision of earlier version of Code § 62.1-44.29 to determine standing).

DEQ concedes that appellant's appeal, if covered by the VAPA, is a case decision under the above definition.  It contends, however, that the remedy appellant seeks nevertheless exempts it from the scope of the Act, which prohibits "[a]gency action relating to [1] [m]oney or damage claims against the

-

Commonwealth or agencies thereof" and "[4] [g]rants of state or federal funds or property." Code § 9-6.14:4.1(B)(1), (4). We disagree.

Monies held in the Tank Fund originate from expenses and penalties recovered pursuant to various provisions of state and federal law, fees levied on fuel sold, delivered and used in the Commonwealth, and interest earned on monies in the Fund. See Code §§ 62.1-44.34:11, 62.1-44.34:13. Code § 62.1-44.34:11 uses the terms "[d]isbursements" and "reimbursements" interchangeably. It provides that "[d]isbursements" from the Tank Fund may be made for certain "[r]easonable and necessary per occurrence costs incurred . . . [for] corrective action," "containment and cleanup," see Code § 62.1-44.34:11(A)(2) (emphasis added), but it specifically limits "funds . . . paid for reimbursement of costs incurred for corrective action or containment and cleanup" under certain circumstances, see Code § 62.1-44.34:11(A)(3), (4), (5), (7) (emphasis added), and it provides that "[n]o funds shall be paid from the Fund unless a reimbursement claim has been filed" within a specified time period, see Code § 62.1-44.34:11(A)(10) (emphasis added).

We hold that reimbursements from the Fund are neither "money or damage claims" nor "grants" under the VAPA. Money claims are "claims [for which] money is directly payable on contract express or implied," such as "claims for the price of goods sold, for money lent, [or] for arrears in rent." Black's

-

Law Dictionary 1005 (6th ed. 1990).  Because no express or implied contract for payment existed between appellant and DEQ or the Board, appellant's request for reimbursement is not a "money claim" under the VAPA.[4]

Appellant's request for reimbursement also is not a "damage claim" under the VAPA.  "Damages" are defined as "[a] pecuniary compensation or indemnity, which may be recovered in the courts by any person who has suffered a loss, detriment, or injury, whether to his person, property, or rights, through the unlawful act or omission or negligence of another.  A sum of money awarded to a person injured by the tort of another."  Id. at 389; see Lumberman's Mut. Cas. Co. v. Keller, 249 Va. 458, 461, 456 S.E.2d 525, 526 (1995).  Appellant's request for reimbursement from the Tank Fund as provided by statute for costs appellant allegedly incurred in taking corrective

---

[4]Although the Commonwealth is not subject to suit for money claims under the VAPA, the Supreme Court has held that it may be held liable "upon valid contracts entered into by duly authorized agents of the government" and may not assert the defense of sovereign immunity in such cases.  See Wiecking v. Allied Medical Supply Corp., 239 Va. 548, 551-53, 391 S.E.2d 258, 260-61 (1990).  The legislature has provided a procedure elsewhere in the Code for bringing money or contract claims against the Commonwealth.  See, e.g., Code § 2.1-223.1 (providing for presentation of pecuniary claim against the Commonwealth to head of department or agency responsible for alleged act or omission supporting claim); Code § 8.01-192 (providing for review in circuit court of claims disallowed under Code § 2.1-223.1 and other sections); see also Wiecking, 239 Va. at 552, 391 S.E.2d at 261.  Therefore, even if appellant's request for reimbursement were classified as a money claim, appellant would not necessarily be without a remedy.

-

environmental clean-up action is not a damage claim under this definition. Appellant did not seek any damages flowing from DEQ's allegedly wrongful or tortious action. Appellant did not seek any damages flowing from DEQ's allegedly wrongful or tortious action in denying the reimbursement request, but only the reimbursement itself. Therefore, the request does not constitute a damage claim.

Finally, appellant's request for reimbursement is not a request for a "grant," as that term is used in the VAPA. A grant is defined as money or property gifted, bestowed or conferred on another, with or without compensation. See Black's Law Dictionary 699. DEQ urges us to construe the word "grant" to include a reimbursement from the Tank Fund. However, "[where] the intention of the legislature is perfectly clear from the language used [in a statute], rules of construction are not to be applied. We are not allowed to construe that which has no need of construction." Temple v. City of Petersburg, 182 Va. 418, 422-23, 29 S.E.2d 357, 358 (1944). We find that the word "grant" as used in the VAPA requires no construction because the legislature's use of this term in the State Water Control Law makes clear that it does not include Tank Fund reimbursements.

The legislature expressly included the term "grant" in Code § 62.1-230, a provision of the State Water Control Law which permits the Board, "in its discretion," to approve the use of

-

money from the Virginia Water Facilities Revolving Fund "to make grants or appropriations to local governments." The legislature demonstrated clearly in Code § 62.1-230 that it knew how to use the term "grant" to describe a discretionary gift or award of money, and it did not use this term in describing the Board's authority to make payments from the Tank Fund, which it referred to as reimbursements rather than grants. Therefore, the funds appellant seeks in this proceeding do not constitute a grant under the VAPA.

For these reasons, we hold that the VAPA provides a right to judicial review of DEQ's denial of a request for reimbursement under the Tank Fund. Therefore, we remand this matter to the circuit court for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.