COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


PHYLLIS M. BAUMANN

MEMORANDUM OPINION[*] BY
v.   Record No. 1194-99-4      JUDGE ROBERT P. FRANK
                                  AUGUST 29, 2000
VIRGINIA RETIREMENT SYSTEM


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Henry E. Hudson, Judge

Julian Karpoff (Karpoff & Title, on briefs),
for appellant.

Brian J. Goodman, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Phyllis M. Baumann (appellant) appeals the circuit court's

ruling that she was not entitled to disability retirement from the

Virginia Retirement System (Agency). On appeal, she contends the

circuit court erred in:  1) denying her leave to depose certain

witnesses, 2) denying admission of certain exhibits, 3)

"re-casting" the Agency's Medical Review Board findings, 4)

finding substantial evidence supporting the Agency's findings, and

5) failing to find the Agency's decision had been impermissibly

influenced by bias and arbitrariness. We disagree and affirm the

judgment of the trial court.

---

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.  BACKGROUND

Appellant was employed as an art teacher by the public schools of Fairfax County from 1989 to 1996 and taught kindergarten through sixth grade.  She alleges that severe reactions caused by art supplies and other materials present in the school and her home environment incapacitated her from performance of her job duties.  As a result, she applied to the Agency for disability retirement upon the basis of Multiple Chemical Sensitivities Syndrome (MCS) and related conditions. Upon filing of the application, appellant's medical records were reviewed by the Medical Review Board[1] and subsequently she was examined by an independent medical examiner, Dr. George W. Ward, Jr.

In a letter dated October 23, 1996, Dr. Robert O. Williams, coordinator for the Medical Review Board, opined that "multiple chemical sensitivities" has been rejected as an established organic disease by the American Academy of Allergy and

_____

[1]  Code § 51.1-124.23(B) mandates that the Board shall:

> 1.  Review all reports of medical examinations required by this chapter.
> 2.  Investigate all essential health and medical statements and certificates filed in connection with disability retirement.
> 3.  Submit to the Board a written report of its conclusions and recommendations on all matters referred to it.

-

Immunology and other medical organizations. He wrote, "However, since the applicant is obviously deeply invested in this concept, it may well constitute some active delusion." Dr. Williams then referred appellant for an independent psychiatric consultation. The consultation revealed no evidence of a disabling psychiatric illness. Based on the consultation and the medical records before it, the Medical Review Board found no evidence of a disabling condition. The Agency, in its letter to appellant, dated February 5, 1997, found no evidence of a disabling condition.

In July 1997, Dr. Ward, the independent medical examiner, evaluated appellant. He concluded appellant could not function as an art teacher in the classroom. He wrote, "It would appear unlikely and dubious that this patient with longstanding chronic medical problems, will be able to perform effectively and reliably as a teacher." Dr. Ward noted symptoms consistent with bilateral conjunctivitis and bilateral rhinitis. Additionally, Dr. Ward noted obesity, chronic fatigue, and elevated blood pressure. Dr. Ward did not name the disabling disease and did not mention MCS as a diagnosis.

The Medical Review Board rejected Dr. Ward's finding of disability, and, in its August 15, 1997 letter, found the evidence was limited to obesity, rhinitis and conjunctivitis. The Board found none of these problems constituted evidence of permanent disability.

-

In accordance with the provisions of the Administrative Process Act, the Agency designated a hearing officer to conduct a hearing and submit a recommendation.  See Code § 9-6.14:12. The evidence submitted by appellant included medical reports by Drs. Grace Ziem, James N. Baraniuk, Rosemary K. Sokas, Sheldon Kress, Laura S. Welch, Frank R. Crantz, and Kimball J. Beck, and the testimony of Dr. Ziem.[2]  Also, the record included a report of the independent medical examiner, Dr. Ward.  The Agency adduced no evidence other than the referenced independent medical examination.

The independent fact finder, David D. Elsberg, reviewed the report of Dr. Grace Ziem.  Dr. Ziem diagnosed appellant as suffering from MCS and chronic fatigue syndrome and a number of other illnesses.  Dr. Ziem stated that appellant has improved "somewhat" since leaving her job.  Dr. Ziem, as of her report, had not completed all of the testing and therapy.  Dr. Ziem opined that appellant suffers from at least three severe diseases, MCS, chronic fatigue syndrome, and fibromyalgia, any one of which could be disabling.  Elsberg was not persuaded by Dr. Ziem's testimony that appellant was incapacitated, finding

_____

[2] These reports and Dr. Ziem's testimony are not included in the record before this Court.  While appellant recites permanency findings of Drs. Beck, Welch and Baraniuk in her brief, we will not consider those findings.  Appellant must provide an adequate record enabling this Court to determine whether the trial court erred.  See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

-

that Dr. Ziem saw appellant infrequently and was unsure of appellant's medications. Further, Elsberg referred to the Medical Review Board's position that MCS is not a disabling disease. He recommended against disability benefits for appellant.

Upon receiving additional information, the Medical Review Board, in its June 3, 1998 letter, concluded, "[T]he Board and its examiners have failed to find evidence of disease that would be definable under Virginia Code Section 51.1-156(E) as constituting grounds for permanent disability."

In its "final case decision," dated October 29, 1998, the Agency denied disability retirement benefits, finding that "[t]he medical evidence has not proven that your incapacity is likely to be permanent." The Agency further found "no basis to disagree with the independent fact finder." The Agency found that appellant failed to meet her burden of proof.

She appealed the Agency's decision to the circuit court, and moved for leave, pursuant to Rule 2A:15, to depose certain witnesses, which motion was denied by an order entered February 26, 1999. On April 30, 1999, at the hearing on the petition, appellant proffered certain exhibits, which were rejected, and the court denied the petition by its order of the same date. Appellant's proffered exhibits were: 1) the Agency's interrogatory answer in a companion case involving MCS, 2) a journal article that addressed MCS, 3) an Agency representation

-

report in a case where the Agency awarded disability retirement for MCS. The Circuit Court for Fairfax County affirmed the denial of benefits, and this appeal followed.

## II. ANALYSIS

Appellant's assignments of error 1, 2, 3 and 5 involve identical issues. In four different arguments, appellant contends the Agency expressed a "policy" that MCS is not a recognized disease and the Agency acted in a biased and arbitrary manner. A determination of whether there was such bias and arbitrariness will resolve these four assignments.

Appellant first contends the circuit court erred in not granting her leave to depose the Agency's Medical Review Board Chief, Robert O. Williams, M.D., and Susan Weiss, who was granted retirement disability based on MCS. Appellant claims Dr. Williams and the Agency were biased and arbitrary and that deposing them would confirm her position.[3]

Part Two A of the Rules of the Virginia Supreme Court governs appeals from a case decision of an agency pursuant to the Virginia Administrative Process Act. Rule 2A:5 provides as follows:

> Further proceedings shall be held as in a
> suit in equity and the rules contained in
> Part Two, where not in conflict with the

---

[3] Appellant claims that since the two reports of Dr. Ward were in conflict, he must have been prejudiced by "command influence." However, the record includes only one of Dr. Ward's reports so we cannot compare the two for conflict, and we, therefore, will not consider this issue on appeal.

-

Code of Virginia or this part, shall apply, but no matter shall be referred to a commissioner in chancery. The provisions of Part Four shall not apply and, unless ordered by the court, depositions shall not be taken.

Rule 2A:5 clearly excludes discovery for administrative appeals. Depositions may only be taken with leave of court. Therefore, the standard of review is whether the trial court abused its discretion in denying appellant's motion to take the depositions of Dr. Williams and Ms. Weiss.

The Administrative Process Act confers jurisdiction upon the circuit court to review agency case decisions. See Code § 9-6.14:16.

Upon judicial review of agency action in accordance with the Administrative Process Act, the court must examine the entire record to "[ascertain] whether there was substantial evidence . . . upon which the agency as the trier of the facts could reasonably find them to be as it did." Code § 9-6.14:17. "Cases subject to the standard of review outlined in Code § 9-6.14:17 cannot be considered a trial de novo since the factual issues on appeal are controlled solely by the agency record." School Bd. of County of York v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991).

The Supreme Court of Virginia in State Bd. of Health v. Godfrey, 223 Va. 423, 290 S.E.2d 875 (1982), recognized that it is within the trial court's discretion to take evidence to

-

resolve claims of arbitrary action or bad faith, "but such evidence should be limited to that purporting to show that the agency denied the applicant a fair and impartial review of his application in accordance with proper procedures." Id. at 433-34, 290 S.E.2d at 880 (citations omitted). "Where the proffered evidence tends to show that the fact-finding procedure was tainted by unfair prejudice or animosity, the agency may be said to have decided the case on factors irrelevant to the issues of fact before it." Id. at 434, 290 S.E.2d at 881 (citation omitted).

In this case, there was no proffer of what Dr. Williams or Ms. Weiss would have testified to in the requested depositions. Where a party alleges error based on the exclusion of evidence, he or she must make a proffer of proof for the court to determine if he or she has been prejudiced. See City of Richmond Police Dep't v. Bass, 26 Va. App. 121, 130, 493 S.E.2d 661, 665 (1997). Because there was not a proper proffer, we are unable to consider this issue.

Appellant bases her argument of arbitrariness and bad faith on several grounds. Primarily, she contends the Agency found that MCS is not a disabling disease for her but found that it was for Susan Weiss. Appellant misstates the Agency's position.

Although the Medical Review Board did find that MCS has been rejected as an established organic disease, the Board and the Agency ultimately found that appellant's diagnosis was not

-

consistent with permanent disability. In its final case decision, the Agency found that the medical evidence did not prove that appellant's incapacity is likely to be permanent, as required by Code § 51.1-156(E). At no time did the agency express a "policy" that MCS was not a recognized disease. Appellant's application for disability was denied, not because of MCS, but because there was no evidence of permanency.

Ms. Weiss' claim was granted because the Agency found permanency in her disability. In the Weiss case, Dr. Grace Ziem made a finding of permanency. In appellant's case, Dr. Ziem did not make such a finding. The findings in each case explain the different results.

This Court agrees with appellant that agency bias and arbitrariness are serious allegations. Yet, appellant proffered no evidence to substantiate her bare allegations. Indeed, nothing before this Court indicates arbitrariness or bad faith. We, therefore, find the trial court did not abuse its discretion in refusing to allow Dr. Williams and Ms. Weiss to be deposed.

Appellant also contends that her proffered exhibits are necessary to prove that the Agency acted arbitrarily and in bad faith. Appellant makes the same argument as she did for the depositions. For the reasons stated above, we find that the trial court did not abuse its discretion in not admitting the proffered exhibits.

-

Likewise, appellant maintains the trial court erred in failing to find that the Agency's decision had been impermissibly "infected" by bias and arbitrariness. We have addressed this issue above and find that there was no bias or arbitrariness in the Agency decision.

Appellant further asserts the circuit court erred in "re-casting" the Medical Review Board's report. Appellant argues that while the Medical Review Board's recommendation to deny the application because MCS is not a recognized disabling disease, the trial court ignored the "policy" finding and reviewed the decision simply to determine whether there was substantial evidence to support the Agency's ruling. As we stated above, there was no statement of "policy" by either the Board or the Agency. Indeed, the Agency denied appellant's application benefits because it found no permanency.

We find that the circuit court did not "re-cast" the Board's report and applied the correct standard of review, as we discuss below.

Appellant finally contends the trial court erred in finding substantial evidence to support the Agency decision. Appellant does not claim any errors of law. The standard of review applicable to this appeal is governed by the Administrative Process Act. See Code § 9-6.14:17. Applying the Act, we have ruled as follows:

-

In reviewing an agency decision, "[t]he scope of court review of a litigated issue under the APA is limited to determination [of] whether there was substantial evidence in the agency record to support the decision."  The substantial evidence standard is "designed to give great stability and finality to the fact-findings of an administrative agency."  A trial court may reject the findings of fact "only if, considering the record as a whole, a reasonable mind would <u>necessarily</u> come to a different conclusion."  The burden of proof rests upon the party challenging the agency determination to show that there was not substantial evidence in the record to support it.

<u>Smith v. Deparment of Mines, Minerals & Energy</u>, 28 Va. App. 677, 684-85, 508 S.E.2d 342, 346 (1998) (citations omitted).  We have held that this standard of review requires courts to give great deference to the agency's factual findings.

The determination of an issue of fact is to be made solely on the basis of the whole evidentiary record provided by the agency and the reviewing court is limited to that agency record.  "A reviewing court may not, however, use its review of an agency's procedures as a pretext for substituting its judgment for the agency on factual issues decided by the agency."  A reviewing court "must review the facts in the light most favorable to sustaining the [agency's] action," and "take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted."

<u>Johnston-Willis, Ltd. v. Kenley</u>, 6 Va. App. 231, 263, 369 S.E.2d 1, 18-19 (1988) (citations omitted).

-

We have also ruled that a "'question raised by conflicting medical opinion is a question of fact.'" <u>WLR Foods, Inc. v. Cardosa</u>, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997) (citation omitted). We have also observed that "the deference that we give to the [agency's] fact-finding on medical questions is based upon the 'unwisdom of an attempt by . . . [courts] uninitiated into the mysteries to choose between conflicting expert medical opinions.'" <u>Stancill v. Ford Motor Co.</u>, 15 Va. App. 54, 58, 421 S.E.2d 872, 874 (1992) (citation omitted).

The Medical Review Board is "a neutral evaluatory mechanism for the Retirement System to gather and analyze medical opinions and reports." <u>Johnson v. Virginia Retirement Sys.</u>, 30 Va. App. 104, 112, 515 S.E.2d 784, 788 (1999).

In this case, the Board reviewed all of the medical reports and concluded there was no evidence of permanent disability. Dr. Ziem, the greatest proponent of MCS, failed to diagnose appellant as having a permanent disability. Dr. Ziem has not completed all of the testing and therapy. She is still fine-tuning appellant's treatment. Dr. Ziem opined appellant was improving "somewhat" since leaving her job. Dr. Ziem only treats appellant on an "as needed" basis. The hearing officer found that Dr. Ziem's treatment on an "as needed" basis, was inconsistent with a chronic disabling disease. Therefore, the fact finder could conclude that it was premature to find permanency.

-

The hearing officer also was not persuaded by the independent medical examiner, Dr. Ward.  Dr. Ward never named a disabling disease and did not give an adequate medical reason for his conclusion that appellant cannot "reliably function as an art teacher."  The hearing officer accepted the Medical Review Board's position that MCS is not a disabling disease.

According to Dr. Ward's report, none of appellant's experts, Dr. Ziem, Dr. Welch, Dr. Beck, or Dr. Baraniuk, opined that appellant's disease is likely to be permanent as required by Code § 51.1-156(E).

We, therefore, find that there was substantial evidence in the record to support the Agency's decision and affirm the denial of disability retirement benefits.

Affirmed.