## CIRCUIT COURT OF ARLINGTON COUNTY

William T. Bryden et al.

v.

Motor Vehicle Dealer Board,
Commonwealth of Virginia

October 28, 2002

Case No. (Law) 02-34

BY JUDGE BENJAMIN N. A. KENDRICK

This case comes before the Court on appellants William T. Bryden and Old Dominion Auto Brokers' (Mr. Bryden) motion for intermediate relief, and appellee Motor Vehicle Dealer Board of the Commonwealth of Virginia's (Board) opposition to Mr. Bryden's motion for intermediate relief and motion to dismiss Mr. Bryden's underlying appeal. Mr. Bryden's underlying appeal is from a decision of the Board dated November 19, 2002, assessing him a $1,500.00 civil penalty and revoking all of his licenses, registrations, and certificates issued by the Board.

Mr. Bryden operates a motor vehicle dealership in Arlington, Virginia, trading under the name Old Dominion Auto Brokers. In a letter to Mr. Bryden dated December 22, 1999, the Board informed him that an inspection of his dealership that took place on October 4, 1999, found violations of Virginia Code Ann. §§ 46.2-1529, 46.2-1532, and 46.2-1559 for his failure to adequately maintain dealer records, failure to properly maintain odometer disclosure statements, and failure to adequately keep and maintain records of temporary license plates. Mr. Bryden had previously been informed of these violations by letter dated October 29, 1999, and had not responded. A subsequent inspection took place on December 15, 1999, and found the violations had not been corrected. Therefore, the Board indicated to Mr.

Bryden that an Informal Fact Finding Conference would soon be scheduled. (Board Ex. 1.)

On March 27, 2000, Ms. Sharon Kendall conducted an Informal Fact Finding Conference regarding the alleged violations of law. Mr. Bryden was present and not represented by counsel. By letter dated April 12, 2000, Ms. Kendall made findings of fact, including that Mr. Bryden was improperly housing all sales records at the repair facility that he maintains, and not at the dealership; that Mr. Bryden has no employment or tax records for his sales people; and that Mr. Bryden was improperly allowing his sales people to use dealership plates to travel to automobile auctions to purchase cars using their own personal funds. Mr. Bryden cited procrastination and his lack of knowledge of the law as the reasons why he had failed to comply with the law and/or correct known violations. Ms. Kendall made the following conclusions of law:

1. [Mr. Bryden] violated the following Virginia Code Sections:
46.2-1529, by failing to maintain all dealer records in a manner that permits systematic retrieval, including all employees, purchases, titling sales, collection of tax, registration, and odometer disclosure statements;

46.2-1532, by failing to maintain odometer disclosure statements for a period of five years in a manner that permits systematic retrieval;

46.2-1548, by failing to maintain a written record of all dealer license plates and ensure they are used as authorized;

46.2-1559, by failing to keep a written record of temporary license plates and have them available for inspection for a period of one year; and

46.2-1575(2), by failing to comply subsequently to receipt of a written warning from the Board or by willfully failing to comply with any provision of this chapter or any regulation promulgated by the Commissioner or the Board under this chapter.

2. Virginia Code Section 46.2-1575(2) provides the grounds necessary for the Board to deny, suspend, or revoke all licenses issued to the dealer.

3. Virginia Code Section 46.2-1575(12) provides grounds for the Board to deny, suspend, or revoke a dealer's license for renting, lending, or otherwise allowing the use of a dealer's license plates by persons not specifically authorized to do so.

4. Virginia Code Section 46.2-1507 grants the Board authority to levy civil penalties of up to one thousand dollars per violation of the Dealer Laws.

(Board Ex. 3.)

Ms. Kendall recommended that Mr. Bryden's dealership license be suspended for a period of one year and that the Board levy against him a civil penalty of $1,500.00. Ms. Kendall noted that "the number, gravity, and pervasiveness of the present violations, exacerbated by Mr. Bryden's refusal for nine months to respond in any fashion to the Board's overtures, call for muscular, authoritative measures to send a message that the law may not be blithely ignored." (Board Ex. 3.)

Mr. Bryden was notified by letter dated April 28, 2000, that the Board's Dealer Practices Committee would meet on May 15, 2000, to review Ms. Kendall's informal findings and recommendations and decide what recommendations, if any, the Committee would make to the full Board at the Board meeting scheduled for May 16, 2000. Mr. Bryden was informed that he could file exceptions to the informal findings and recommendations by mail or fax, or he could appear at the committee meeting and present them in person. It was requested that Mr. Bryden notify the committee if he was not going to file exceptions. He was also informed that "the final decision may or may not be the same as recommended by the hearing officer." (Board Ex. 4.)

Mr. Bryden did not provide any written exceptions and did not appear at either the Committee's meeting or the meeting of the full Board that took place on May 16, 2000. The Board, by letter dated May 17, 2000, informed Mr. Bryden that it had adopted a resolution fining him $1,500.00 and revoking "all licenses, registrations and certificates issued by the Motor Vehicle Dealer Board to William T. Bryden and Old Dominion Autobrokers." (Board Ex. 5.)

On July 17, 2000, Mr. Bryden filed an appeal of the Board's decision in the Arlington Circuit Court. On July 28, 2000, Mr. Bryden, by counsel, sent a letter to the Board requesting a formal Board hearing and informed the Board that, if a formal hearing were to be granted, he would withdraw the pending appeal. (Board Ex. 7, 8.) Subsequently, a Formal Fact Conference was scheduled to take place on November 2, 2000, before hearing officer Laurie L. Riddles (Board Ex. 9), and the appeal was withdrawn.

Mr. Bryden, assisted by counsel, attended the Formal Fact Conference, which was rescheduled and actually took place on November 8, 2000. By letter dated August 15, 2001, Ms. Riddles provided Mr. Bryden with a copy of her report. In her report, she concluded that Mr. Bryden had violated Virginia Code Ann. §§ 46.2-1529, 46.2-1532, 46.2-1548, 46.2-1559, and 46.2-1575(2). (Board Ex.

12.) Notably among the formal findings of fact are Mr. Bryden's concession that he had been aware of the inspections that occurred and the problems that were discovered following the investigations that took place in 1999. (Board Ex. 12, ¶ 4.) In addition, Ms. Riddles noted that "[a]stonishingly, as of the date of the Formal Hearing ... Mr. Bryden ... *still* had done nothing to terminate" the ongoing illegal use of dealer tags by his salespeople. (Board Ex. 12, ¶ 8, emphasis in original.) Ms. Riddles recommended, consistent with the full Board's previous conclusion, that Mr. Bryden have both his dealer's license and his salesperson's license revoked and, further, that he should be assessed a $1,500.00 penalty. Ms. Riddles characterized Mr. Bryden's actions as "the most blatant and willful noncompliance" (Board Ex. 12, Discussion and Recommendations), and further found that "Mr. Bryden's failure to cease illegal activities or business practices, even after the Informal Conference and even as he appealed the Board's imposition of a penalty, precludes any expectation that he will operate a car business with integrity, compliance, or legality if given the chance." (*Id.*)

In the August 15, 2001, letter, Mr. Bryden was informed that Ms. Riddles' report would be presented to the Dealer Practices Committee for their consideration on September 10, 2001, and that the Committee would present its recommendations to the full Board later that day. Mr. Bryden was again notified of his right to present his exceptions and comments to the Committee either in written form or in person. It was also requested that he inform the Committee if he did not intend to submit any exceptions or comments. (Board Ex. 13.) Mr. Bryden and his counsel were in attendance at the Committee meeting and responded to questions. (Board Ex. 15.)

By resolution dated November 5, 2001, the Board revoked all of Mr. Bryden's licenses, registrations, and certificates and fined him $1,500.00. (Board Ex. 14.) Mr. Bryden was notified of the Board's resolution by letter, dated November 13, 2002. (Board Ex. 15.)

On January 10, 2002, Mr. Bryden filed this appeal.

"The circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." School Board v. Nicely, 12 Va. App. 1051, 1062 (1991). In the context of such an appeal, "[e]rrors of law fall into two categories: first, whether the agency decision-maker acted within the scope of his authority, and second, whether the decision itself was supported by the evidence. Where the agency has the statutory authorization to make the kind of decision it did and it did so within the statutory limits of its discretion and with the intent of the statute in mind, it has not committed an error of law in the first category. The second category of error is limited to a determination whether there is substantial evidence in the agency

record to support the decision." *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242 (1988) (citing *State Board of Health v. Godfrey*, 223 Va. 423 (1982)).

Virginia Code Ann. §§ 46.2-1503 to 46.2-1507 creates and empowers the Motor Vehicle Dealer Board as the state regulatory board that oversees and licenses all motor vehicle dealers and salespersons in the Commonwealth. The Board is charged with enforcing Virginia Code Ann. §§ 46.2-1508 et seq., 46.2-1527.1 et seq., 46.2-1528 et seq., 46.2-1574 et seq., and 46.2-1580 et seq. Appeals from a decision of the Motor Vehicle Dealer Board are governed by the Administrative Procedure Act and Part 2A of the Rules of the Supreme Court of Virginia. Va. Code Ann. § 2.2-4025 et seq. (formerly § 9-6.14:15 et seq.). Virginia Code Ann. § 2.2-4027 provides, in pertinent part:

> The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court....
>
> When the decision on review is to be made on the agency record, the duty of the court with respect to issues of fact shall be limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of facts could reasonably find them to be as it did....
>
> Whether the fact issues are reviewed on the agency record or on one made in the review action, the court shall take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.

The substantial evidence standard described in case law and currently embodied in the Virginia Code has long been the standard of review applied to agency factual conclusions by the courts of the Commonwealth, and elsewhere. *See, e.g., Godfrey*, 223 Va. at 423 (1982); *Virginia Real Estate Commission v. Bias*, 226 Va. 264 (1983) ("[T]he court may reject the agency's findings of fact 'only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion'." (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938))).

In the case below, the Board found that Mr. Bryden had committed multiple code violations and, further, that he willfully continued to violate the law despite notice from the Board of his violations. Therefore, pursuant to Virginia Code Ann. § 46.2-1507 and 46.2-1575(2), the Board fined Mr. Bryden $1,500.00 and revoked all of his licenses.

Mr. Bryden, in his Petition for Appeal, made the following assignments of error:

The Board's decision was unlawful and the Board erred in its decision which was not made (i) in accordance with constitutional right, power, privilege, or immunity; (ii) in compliance with statutory authority, jurisdiction limitations, or right as provided in the basic laws as subject to subject matter, the stated objectives for which regulations may be made, and the factual showing respecting violations or entitlement in connection with the case decisions; (iii) in observance of required procedure; and (iv) with a substantiality of the evidentiary support for findings of fact.

(Petition ¶ 10.)

Mr. Bryden filed a motion for intermediate relief on August 26, 2002, requesting that this Court stay the Board's revocation of his licenses and imposition of fine, pursuant to Virginia Code Ann. § 2.2-4028,[1] alleging that (1) irreparable harm will result to Mr. Bryden in the absence of a stay, and (2) there is probable cause to anticipate a likelihood of reversible error.

The Board filed its opposition to intermediate relief and its motion to dismiss on August 27, 2002.

First, the Court addresses Mr. Bryden's motion for intermediate relief. Mr. Bryden complains that the Board's decision not to stay its order during the pendency of his appeal will result in "immediate, unavoidable, and irreparable injury" to him. (D's Mot. Int. Rlf. ¶ 6.) While the Court agrees that Mr. Bryden will surely be harmed, and perhaps irreparably, by the immediate revocation of his licenses and imposition of a fine, the Court finds that he has failed to meet his burden of proving that the Board likely committed reversible error in its decision. Va. Code Ann. § 2.2-4028. Quite to the contrary, the Court finds that the record of the administrative process provided to Mr. Bryden demonstrates that a finding of reversible error on the part of the Board is very unlikely. Therefore, the Court concludes that intermediate relief is inappropriate.

Second, the Court addresses the Board's motion to dismiss Mr. Bryden's appeal. Based on the administrative record below and the record of the

---

[1] Mr. Bryden's pleading incorrectly cites Virginia Code Ann. § 2.2-4027 as supporting the availability of intermediate relief; however, the Court takes note of the fact that § 2.2-4028 is the proper code section providing intermediate relief and proceeds accordingly.

proceedings on appeal including oral argument, the Court finds that the Board acted within and according to its statutory mandate. Virginia Code Ann. § 46.2-1503.4 specifically empowers the Board with the authority to revoke Mr. Bryden's licenses for violating §§ 46.2-1529, 46.2-1532, 46.2-1548, 46.2-1559, and 46.2-1575(2). Virginia Code Ann. § 46.2-1507 specifically empowers the Board with the authority to levy civil penalties for those same violations. The administrative record is replete with substantial factual evidence supporting the Board's conclusion that Mr. Bryden committed the identified violations of law. It is noted that the Board provided Mr. Bryden with adequate notice and opportunity to comment on and/or contradict the evidence of his violations at every step of the proceedings, and that Mr. Bryden not only failed to take advantage of the majority of those opportunities, but he also allowed violations to continue unabated throughout the administrative process. In addition, Mr. Bryden has provided the Court with little more than bald and unsupported assertions that an error of law or fact occurred, in support of his appeal. Therefore, the Court concludes that the Board committed no error of law and, further, that its factual conclusions are supported by substantial evidence.

For the foregoing reasons, the Court denies Mr. Bryden's motion for intermediate relief and dismisses Mr. Bryden's appeal.