COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Agee
Argued at Alexandria, Virginia


CHAD R. SIMONDS
                                           OPINION BY
v.    Record No. 2404-00-4          JUDGE ROSEMARIE ANNUNZIATA
                                           JULY 24, 2001
FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      R. Terrence Ney, Judge

        William M. Stanley (Gilbert K. Davis; Davis &
        Stanley, L.L.C., on brief), for appellant.

        Zaida C. Thompson, Assistant County Attorney
        (David P. Bobzien, County Attorney; Robert
        Lyndon Howell, Jr., Deputy County Attorney;
        Dennis R. Bates, Senior Assistant County
        Attorney, on brief), for appellee.


     The appellant, Chad R. Simonds, appeals the denial of his

motion for attorney's fees that were incurred in the course of

proceedings in which a petition for a protective order filed by

the Fairfax County Department of Family Services was

adjudicated.  Simonds contends:  (1) Code § 9-6.14:21 authorizes

the award of attorney's fees in this case; and (2) the circuit

court erred in concluding the Department was substantially

justified in filing its petition for a protective order.

Because we find Code § 9-6.14:21 does not authorize an award of

attorney's fees, we affirm the circuit court's order.

BACKGROUND

On July 22, 1999, the Fairfax County Department of Family Services filed a petition in the Fairfax Juvenile and Domestic Relations District Court alleging that M.S., born March 22, 1997, was an abused and/or neglected child pursuant to Code § 16.1-241(A)(1), naming her father, Chad Simonds, as respondent.[1]  After a hearing on July 28, 1999, the juvenile court determined that M.S. should be classified as an abused and/or neglected child and entered a preliminary protective order requiring that Simonds's visitation with the child be supervised and that he fully cooperate with the Department's investigation of the case.  The juvenile court denied Simonds's motion for reconsideration and entered a final order on November 18, 1999.  The final order continued the Department's protective supervision of the child, permitted Simonds to have supervised visitation, and ordered him to undergo mental health counseling.

---

[1] Code § 16.1-241(A)(1) provides:

> [E]ach juvenile and domestic relations district court shall have . . . exclusive original jurisdiction . . . over all cases, matters and proceedings involving [t]he custody, visitation, support, control or disposition of a child [w]ho is alleged to be abused, neglected, in need of services, in need of supervision, a status offender, or delinquent . . . .

Simonds appealed the order to the circuit court where a trial de novo was held on June 26-27 and July 19-20, 2000. By order entered on August 18, 2000, the circuit court dismissed the protective order, finding the Department had failed to establish that M.S. was an abused and/or neglected child. Thereafter, Simonds filed a motion for the attorney's fees that he incurred in conjunction with the proceedings. The circuit court denied the motion by order dated September 8, 2000. Although the court found that Code § 9-6.14:21(A) applied, it denied Simonds's request for attorney's fees. The court concluded that, although Simonds prevailed on the merits, the Department was substantially justified in bringing the action. It is from this order that Simonds appeals.

We affirm the trial court's denial of Simonds's motion for attorney's fees, although we do so on different grounds. Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992) ("An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason."). As explained in this opinion, we find that Code § 9-6.14:21(A) does not permit an award of attorney's fees in this case.

ANALYSIS

Simonds concedes that "in the absence of a statute or contract to the contrary, a court may not award attorney's fees to the prevailing party."  Prospect Development Co. v. Bershader, 258 Va. 75, 92, 515 S.E.2d 291, 300 (1999).  His reliance upon Code § 9-6.14:21 to support an award of attorney's fees in this case is misplaced, however.

Code § 9-6.14:21(A) provides:

> In any civil case brought under Article 4
> (§ 9-6.14:15 et seq.) of this chapter and
> § 9-6.14:4.1 in which any person contests
> any agency action, as defined in § 9-6.14:4,
> such person shall be entitled to recover
> from that agency, as defined in the section
> referred to above . . . reasonable costs and
> attorney fees if such person substantially
> prevails on the merits of the case and the
> agency's position is not substantially
> justified, unless special circumstances
> would make an award unjust.

Code § 9-6.14:21(A), which is part of the Administrative Process Act (APA), does not permit an award for attorney's fees in cases that do not arise under Article 4, Code § 9-6.14:15 et seq., of the APA, or if the party from whom attorney's fees are sought is not an agency as defined in Code § 9-6.14:4.

The case before us did not arise under Article 4, Code § 9-6.14:15 et seq. of the APA.  The Simonds matter arose by original petition filed by the Fairfax County Department of Family Services in the juvenile court pursuant to Code

§ 16.1-241(A)(1), alleging M.S. was an abused and/or neglected child.  Furthermore, Code § 9-6.14:15(v) explicitly states that Article 4 "does not apply to any agency action which . . . encompasses matters subject by law to a trial de novo in any court."  After the juvenile court found M.S. was an abused and/or neglected child within the meaning of Code § 16.1-228, Simonds appealed the juvenile court's finding and decision to issue a protective order against Simonds to the circuit court pursuant to Code § 16.1-296, where the circuit court conducted a trial de novo of the allegations.

Furthermore, the Department is not an agency as defined under Code § 9-6.14:4.[2]  It is a unit of the Fairfax County Government, and counties are explicitly exempted from the provisions of the APA under Code § 9-6.14:4.1(A)(5).  See Code § 63.1-248:2 (which defines the local department of social services as the department of the county or city); see also Schwartz v. Highland County School Board, 2 Va. App. 554, 556, 346 S.E.2d 544, 545 (1986) (holding that a school board is a unit of county government, rather than state government, and is, therefore, not an "agency" under the APA).

---

[2] The APA defines "agency" as "any authority, instrumentality, officer, board or other unit of the state government empowered by the basic laws to make regulations or decide cases."  Code § 9-6.14:4.

We accordingly find that this case does not come within the ambit of the APA and affirm the trial court's denial of attorney's fees.[3]

Affirmed.

---

[3] We deny the Department's motion to dismiss Simonds's appeal for lack of subject matter jurisdiction. The Department's motion is grounded on the fact that a separate action involving Simonds and his alleged abuse of M.S. is currently before the Virginia Department of Social Services. However, the present appeal involves a separate action and Simonds's request for attorney's fees is limited to the proceeding under Code § 16.1-241(A)(1). Furthermore, as the matter before the Virginia Department of Social Services is still pending and is not presently before us, this opinion does not address whether Simonds would be entitled to recover attorney's fees in that proceeding.