COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Petty and Chafin
Argued by teleconference


PITTSYLVANIA COUNTY DEPARTMENT
  OF SOCIAL SERVICES                                          MEMORANDUM OPINION* BY
                                                                  JUDGE WILLIAM G. PETTY
v.        Record No. 1524-16-3                                        MAY 2, 2017

MARTHA GOSNEY


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

Les R. Adams; Timothy M. Fisk (Adams, Elmore and Fisk, PLC, on
brief), for appellant.

Amicus Curiae:  Michelle A. L'Hommedieu, Assistant Attorney
General; Office of the Attorney General (Mark R. Herring,
Attorney General; Cynthia V. Bailey, Deputy Attorney General;
Kim F. Piner, Senior Assistant Attorney General, on brief), for
appellant.

No brief or argument for appellee.[1]


Pittsylvania County Department of Social Services (DSS) argues that the circuit court

erred in denying its plea in bar and motion to dismiss based on the circuit court's lack of subject

matter jurisdiction because DSS "is not a state agency nor capable of agency action or case

decisions subject to judicial review . . . in matters concerning adult protective services."  DSS

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Martha Gosney was represented at trial by Glen L. Berger.  Copies of the notice of
appeal and appellant's opening brief and appendix were served on him as counsel of record.  No
brief was filed on behalf of the appellee.  On January 25, 2017, after the deadline for filing
appellee's brief, Mr. Berger notified this Court that "[he does] not represent Martha Gosney on
the above-captioned appeal."  On February 9, 2017, counsel filed a motion for leave to withdraw
with the Court and the motion was granted on February 17, 2017.  Gosney proceeded *pro se* after
that date.

argues that the circuit court further erred in denying its demurrer because Martha Gosney's amended petition: (1) failed to clearly state facts constituting a cause of action, (2) failed to designate and demonstrate an error of law subject to judicial review, and (3) requested relief to which Gosney was not entitled under the Virginia Administrative Process Act. For the following reason, we reverse the circuit court's decision.

## I. BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "[W]e view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . ." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1180, 409 S.E.2d 16, 17 (1991).

In 2015, DSS opened an Adult Protection Services case pursuant to Code § 63.2-1605 and investigated Gosney for an alleged financial exploitation of her ninety-seven-year-old mother. After DSS completed its investigation, Gosney was notified that the case against her had been substantiated and that she had been identified as an alleged perpetrator of financial exploitation of an adult. Gosney requested a review of the case by the DSS Director, who sustained the findings of the investigation.

Gosney subsequently appealed the findings to the Pittsylvania County Circuit Court under Rule 2A:4 of the Rules of the Supreme Court of Virginia, which sets out the requirements for a petition for appeal from an administrative agency case decision pursuant to the Virginia Administrative Process Act. In response, DSS filed a plea in bar and motion to dismiss arguing that DSS is not a state agency as defined by the Virginia Administrative Process Act, and thus the circuit court was without jurisdiction to hear Gosney's appeal. The circuit court denied the

motion, reversed, and set aside the finding of DSS identifying Gosney as an alleged perpetrator of financial exploitation of her mother. This appeal followed.

## II. STANDARD OF REVIEW

The circuit court's subject matter jurisdiction under Rule 2A:4 and the Virginia Administrative Process Act is a question of statutory interpretation that is subject to *de novo* review on appeal. See Muse Constr. Group, Inc., v. Commonwealth Bd. for Constrs., 61 Va. App. 125, 130, 733 S.E.2d 690, 692 (2012) ("The interpretation of Rule 2A:4(a) and other relevant statutory language is a question of law that we review *de novo*."). "Under Virginia law, if the circuit court was without jurisdiction, then it was error to address appellant's challenges to the regulation." Karr v. Va. Dep't of Envtl. Quality, 66 Va. App. 507, 514, 789 S.E.2d 121, 125 (2016).

## III. ANALYSIS

DSS argues that because it is not an "agency" under the Virginia Administrative Process Act, its adult services protection case findings are not reviewable under the statute, and thus the circuit court was without jurisdiction to hear Gosney's appeal. We agree.

The general subject matter jurisdiction of circuit courts is set out in Code § 17.1-513. Code § 17.1-513 does not address appeals of administrative agency action. However, Code § 2.2-4026, part of the Virginia Administrative Process Act, expressly provides that the judicial branch of government may review certain actions taken by administrative agencies. Code § 2.2-4026(A) states, in relevant part:

> Any person . . . aggrieved by and claiming unlawfulness of a case decision . . . shall have the right to the direct review thereof by an appropriate and timely court action against the agency . . . in the manner provided by the Rules of Supreme Court of Virginia. Actions may be instituted in any court of competent jurisdiction as provided in § 2.2-4003.

- 3 -

Code § 2.2-4001, also part of the Virginia Administrative Process Act, defines "agency" as "any authority, instrumentality, officer, board or other unit of the *state* government empowered by the basic laws to make regulations or decide cases." (Emphasis added). Local departments of social services are units of city or county governments. See Code § 63.2-324 ("There shall be a local department of social services for each county or city under the supervision and management of a local director."); see also Simonds v. Fairfax Dep't of Family Servs., 36 Va. App. 243, 247, 549 S.E.2d 607, 610 (2001) (finding that the Fairfax Department of Family Services was a unit of the Fairfax County government, rather than state government, and therefore is not an "agency" under the Virginia Administrative Process Act).[2]

Furthermore, while the Department for Aging and Rehabilitative Services is responsible for overseeing the "planning, administration, and implementation of adult protective services in the Commonwealth," local departments of social services are responsible for providing those services. Code § 51.5-148. Those services include investigating reports of suspected abuse, neglect, or exploitation of an adult and issuing any written findings. Code § 63.2-1605. Thus, any findings of abuse, neglect, or exploitation of an adult resulting from an adult protective services investigation undertaken by a local department of social services is not a case decision of the state Department for Aging and Rehabilitative Services, but rather a decision by a city or county agency. Counties and cities are explicitly exempted from the Virginia Administrative Process Act. Code § 2.2-4002(A)(5).

Here, DSS is a unit of the Pittsylvania County government responsible for providing adult protective services, including investigating reports of abuse, neglect, or exploitation of

---

[2] Code § 9-6.14:4, part of the version of the Virginia Administrative Process Act in effect at the time Simonds was decided, defined "agency" as "any authority, instrumentality, officer, board or other unit of the state government empowered by the basic laws to make regulations or decide cases." Simonds, 36 Va. App. at 248 n.2, 549 S.E.2d at 610 n.2. As noted above, this is precisely the same definition of "agency" under the current Virginia Administrative Process Act.

adults and issuing written findings.  See Code § 51.5-148; Code §§ 63.2-324, 63.2-1605.  DSS received a report that Gosney was an alleged perpetrator of financial exploitation of her mother.  DSS subsequently investigated the allegation and found it to be substantiated.  That finding was sustained by the DSS Director.  At no time did the Department for Aging and Rehabilitative Services, or any other state agency as defined under the Virginia Administrative Process Act, make a finding that Gosney was an alleged perpetrator of exploitation of an adult.  Consequently, the statutory right to judicial review of the case decision of an administrative agency under the Virginia Administrative Process Act does not apply.

## IV.  CONCLUSION

Because we find that DSS is a unit of county government and thus exempt from the Virginia Administrative Process Act, the circuit court was without jurisdiction to hear Gosney's appeal.  Accordingly, we reverse the circuit court and dismiss the appeal.  Because we conclude that the circuit court was without jurisdiction to hear Gosney's appeal, we need not address DSS's other assignment of error.

<u>Reversed and dismissed</u>.